## Ella McSloy v. Michael Ryan.

*Landlord and tenant: Possession of land: Notice: Service.* The notice to pay rent or surrender possession, required by the statute (*Comp. L. 1871,* § *6706*), providing for summary proceedings to recover the possession of land, may be served by delivery on the premises, to a member of the tenant's family, of suitable age and discretion, with a request to deliver the same to such tenant.

*Evidence: Rent due: Offset: Recoupment.* In proceedings under this statute evidence of the landlord's breach of covenants to repair and make improvements, which are independent of the covenant to pay rent, is irrelevant; this proceeding is not one in which, even if the amount of the rent due be in issue, there can be any deduction of offsets, or by way of recoupment.

*Landlord and tenant: Possession of land: Rent: Demand: Res adjudicata.* The issue involved in these proceedings embraces the questions both of rent over due and of a proper written demand of payment or possession; and the rent over due is that due when the demand is made; and any subsequent case that is tried on a new demand is for a cause that originates with that demand, and is a different cause from any prior one based upon a former demand; and a verdict and judgment in the tenant's favor on such prior cause is not conclusive on the question of rent over due, in the absence of any showing that such verdict was based upon a conclusion that no rent was due, notwithstanding the new demand was made before any additional rent had fallen due after the former trial.

*Possession of land: Amount of rent due: Judgment: Statute construed.* Upon the trial in these cases in the circuit, on appeal, it is not requisite that there should be a finding of the amount of rent due; the provisions of the statute (*Comp. L. 1871,* § *6710*), requiring this finding, as well as those providing (§ *6719*) "that no writ of restitution shall issue if the defendant shall, within five days after final judgment, pay the amount so found due" and double costs, do not apply to the trial on an appeal; the appeal is allowed only from the "determination or judgment" of the commissioner, and the finding of the amount due, though to be stated in the judgment, is in fact no part of it.

*Heard April 13. Decided April 23.*

Error to Wayne Circuit.

*George H. Prentis* and *Wilkinson & Post,* for plaintiff in error.

*George H. Penniman* and *Moore & Griffin,* for defendant in error.

Cooley, J.

Ryan, who was landlord of McSloy in respect to certain premises in the township of Hamtramck, took proceedings before a circuit court commissioner to dispossess her, on the ground of neglect and refusal to pay rent which had become due, or to surrender possession for fourteen days after demand thereof. The case was tried with a jury, January 18th, 1871, and the jury returned a verdict of guilty, and that there was due for rent from December 1st, 1870, to the day of trial, the sum of eighty dollars. McSloy appealed to the circuit court, giving the usual security.

On the trial in the circuit court the lease was put in evidence. The term was four years from the first day of May, 1870, at an annual rent of six hundred dollars, the rent for the first four months to be paid in advance, and after that monthly in advance. Ryan by the lease covenanted to make certain repairs and improvements.

The notice to pay the rent or surrender possession was not served on the defendant personally, but the witness who served it testified to going to the premises for the purpose, and to seeing the defendant in the hall, who closed the door before he reached it, and that he then went into a bar-room, which would appear to have been under the same roof, and there delivered the written notice to defendant's sister, who was then a member of the family, and asked her to deliver it to defendant. No question is made but that this sister was of suitable age and discretion, and we find no error in the action of the court in holding the service sufficient, or in any of its rulings in respect thereto.

The defendant offered evidence to show that complainant had not performed his covenants in the lease in regard

to improvements and repairs.    As these covenants were independent of the covenant to pay rent, and this proceeding was not one in which, even if the amount of the rent was in issue, there could be any deduction of offsets, or by way of recoupment, the court did not err in rejecting this evidence.

The defendant put in evidence the proceedings on a prior complaint by Ryan to obtain from defendant the possession of the same premises on the same ground of nonpayment of rent, which case was tried by jury, on December 3, 1870, twenty-seven days before the present suit was commenced, and resulted in a verdict for defendant.    And she claimed that, as no rent fell due between the day of that trial and the day of the commencement of this suit, the verdict and judgment in that case were conclusive in her favor, that no rent was over-due at the time last named, or at least that none was due when the first proceeding was commenced.    The circuit court held otherwise, and we think correctly.    That rent is over-due, is not the only question involved in these cases; a proper written demand of payment or possession must be made the requisite time before complaint is made; and we cannot know from any thing that appears in the record whether the jury in the first case based their verdict upon a conclusion that no rent was due, or on a failure of complainant to prove the proper demand.    Besides, the rent over due for which proceedings are taken is that due when the demand is made; and any subsequent case that is tried on a new demand is for a cause which originates with that demand, and which, therefore, is necessarily a different cause from any before passed upon.

The principal question in the case was whether, under the statute, it was requisite that the jury in the circuit court should make a finding of the amount of rent due. The circuit judge held it not needful, and they returned merely the general verdict of guilty.

The statute which prescribes the proceedings before the

commissioner, provides (*Comp. L. 1871*, § *6710*) that if it is claimed that complainant is entitled to the possession of the premises in consequence of the non-payment of any sum of money due, either as rent or as part or portion of the purchase money of the premises under a contract in writing for the purchase thereof, the officer or the jury, if the case is tried by jury, shall ascertain and determine the amount due the complainant, and such amount shall be stated in the judgment. *Section 6717* provides that the complainant obtaining restitution shall be entitled to an action of trespass or trespass on the case against the defendant, and may recover treble damages from the time of notice to quit or demand of possession, and all other damages to which he may be entitled. *Section 6718* gives either party a right of appeal, but declares that before defendant's appeal shall be allowed he shall, in addition to the usual recognizance given on appeals from justices of the peace, execute to the complainant a bond in a penalty not less than twice the annual rent of the premises in dispute, conditioned that if the complainant obtain restitution of the premises in said suit, the defendant will forthwith pay all the rent due or to become due the complainant for the premises described in the complaint up to the time the complainant shall obtain possession thereof, together with all costs; and if the complainant obtain restitution, he may at his election sue and recover on the bond, or bring his action against the defendant under section 6717. *Section 6719* is as follows: "No writ of restitution shall be issued under the provisions of this chapter until the expiration of five days after the entry of judgment of restitution; and in case of an appeal within that time, no writ of restitution shall be issued until such appeal be determined in the circuit court; and in case it is found that the complainant is entitled to the possession of the premises in consequence of the non-payment of a sum of money, no writ of restitution shall issue if the defendant shall, within five days after final judgment, pay the amount so found

27 MICH.—15.

due, and double the amount of costs awarded to the said complainant." *Section 6720* provides that "if upon the trial of an appeal in the circuit court judgment be rendered in favor of either party for costs, the circuit court may issue execution for such costs; and if the complainant shall recover judgment for restitution of the premises in question, or any part thereof, the circuit court may issue a writ of possession in favor of the complainant, in accordance with such judgment of restitution." The next two sections provide for the removal of a case from the commissioner into the circuit court by *certiorari;* the defendant, if plaintiff in error, being required to give a bond similar to that in case of appeal, and the landlord being allowed the like election to sue on the bond or bring his action of trespass, in case the final judgment is in his favor.

These are the provisions of statute on which the question arises, and it must be confessed that it is not very clear whether it is intended that in the circuit court the amount due shall be found by the judgment. Generally it is true, that an appeal takes a case up to be tried on the same issues and to the same purposes and end that a trial was had below; and perhaps in any case it is to be presumed that such a trial in the appellate court is intended, unless specific provisions to the contrary are made. But there may be cases in which reasons exist for varying the proceedings in the appellate court; and it is possible that proceedings under this statute may have been considered by the legislature as cases of this nature. Before the commissioner these proceedings are very summary, and may generally be pushed to a very speedy conclusion; and as cases will sometimes occur in which honest differences will exist as to whether any thing is due, the permission to defendant to pay what is found against him, but under a penalty of double costs, would seem, in view of the summary character of the proceedings, to be not unjust to either party. When, however, the case is appealed to the

circuit court, the reasons for giving defendant permission to make payment after a verdict against him, are not so urgent or forcible.    In that court the case cannot be pushed to such speedy conclusion, and even in cases where the defendant believes nothing to be owing by him, he has had one opportunity of knowing what the evidence was against him, and is not likely to be taken entirely by surprise at the trial, or to be. unprepared for an immediate dispossession after judgment, as he might have been when proceedings were first commenced.    These considerations may possibly have had weight with the legislature in prescribing what the proceedings should be on appeal; and though by no means very conclusive, they may properly be borne in mind in considering the various provisions of the statute which have been made for the case.

An examination of these provisions will show that we are not at liberty to infer that those which apply to the proceedings before the commissioner were to regulate wholly the action of the circuit court also.    On the contrary, express provision is made for judgment, costs, execution and writ of possession in that court; and the omission to make reference to any finding upon the amount due is consequently very significant, and affords very strong evidence of the legislative intent that the privilege which was given the tenant in the court below, of being left in possession on payment merely of what was due when proceedings were commenced, could not justly be left open to his acceptance after such lapse of time as must necessarily attend an appeal, and when other instalments may have fallen due and been left unpaid.    And this evidence is particularly strong in view of the unqualified terms in which authority is given the circuit court to issue writ of possession to the complainant obtaining judgment, and which is made subject to no restriction or qualification whatever.    It is probably the view of the legislature that the delays of the appeal would of themselves to some extent answer the purpose of the privilege given before the com-

missioner; and as only the defendant would appeal in a case where the judgment was such as to give this privilege, he would do so with the distinct understanding that he had his election to pay the amount reported due, and retain the premises, or to take his chances of being able to satisfy the appellate court that there was no cause for proceeding against him at all. We assume that the complainant would not appeal from a judgment in his own favor, from a dissatisfaction with the amount found due, even if he had a right to do so, because the finding of this special tribunal, which has no power to try common-law issues, could not be binding upon him in a suit for rent; but if the amount of rent is not to be passed upon in the circuit court, dissatisfaction with the award before the commissioner, could not be the subject of appeal; and this would seem to be the view of the legislature, for the appeal is allowed only from the "determination or judgment" of the commissioner; and the finding of the amount due, though to be stated in the judgment, is in fact no part of it.

It follows from what has been said that the judgment should be affirmed, with costs.

The other Justices concurred.