JOSEPH BAUER v. THOMAS J. WASSON ET AL.

[See 60 Mich. 194.]

*Forcible entry and detainer—Appeal-bond—Liability of sureties.*

1. How. Stat. § 7030, making the continuance of the liability of a surety on a bond given on appeal from a justice's judgment depend upon the issuance of an execution within 30 days after rendition of judgment against the principal in the circuit court, does not apply to appeals from the decisions of justices in forcible entry and detainer cases, but is confined to cases arising under the justices' act.

2. A failure to find the amount of rent due as provided in How. Stat. § 8299, and to state the same in the judgment, will not release any party to the bond given on appeal to the circuit court, such sum constituting no part of the judgment, and not being enforcible against either principal or surety; the object of the statute being to ascertain the extent of the defendant's liability, and furnish record evidence of its discharge by payment, without waiting for suit to be brought on the appeal-bond.

Error to Wayne. (Jennison, J.) Argued April 27, 1887. Decided June 9, 1887.

Assumpsit. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Charles Flowers*, for appellants.

*Griffin & Warner*, for plaintiff.

SHERWOOD, J. This is an action upon a bond given by defendant Wasson as principal, and by Peltier and Collins as sureties, on an appeal from a circuit court commissioner for the county of Wayne.

Judgment was rendered at the circuit for $126.62. Of this amount $84 was for seven months' rent, and $29.45 for costs taxed in the suit before the commissioner in which the bond was given, on appeal to the circuit.

The bond upon which suit is brought reads as follows:

" Know all men by these presents, that we, Thomas J. Wasson, as principal, and Charles F. Peltier and Charles P. Collins, as sureties, are held and firmly bound unto Joseph Bauer in the sum of three hundred dollars, to be paid to the said Joseph Bauer, or to his certain attorney, heirs, administrators, and assigns; to which payment, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, and each and every of them, firmly by these presents.

" Sealed with our seals, and dated the sixth day of May, 1884.

" *Whereas,* judgment was rendered on the first day of May, 1884, by William J. Craig, a circuit court commissioner of the county of Wayne, and State of Michigan, in favor of said Joseph Bauer, complainant, for the restitution of the following lands and tenements, to wit, house and lot situated on the south-west corner of Harper avenue and Riopelle street, in the city of Detroit, and for the sum of eight dollars and seventy cents, costs of suit, against the said Thomas J. Wasson, as defendant.

" *And Whereas,* the said Thomas J. Wasson, conceiving himself aggrieved by the said judgment, has appealed to the circuit court for the county of Wayne.

" Now, the condition of this obligation is such that if the said Thomas J. Wasson shall prosecute his appeal with all due diligence to a decision in the said circuit court, and he

shall abide by said judgment, and pay the amount of the same, including all costs, with interest thereon, together with the amount of rent found due the complainant for said premises, with interest, and, in case the said appeal shall be discontinued, if the said Thomas J. Wasson shall pay the amount of the judgment rendered against him before said commissioner, including all costs, with interest thereon, together with the rent due upon said premises up to and including the date of the dismissal of said appeal, with interest thereon, then this obligation shall be void, otherwise to remain in full force and effect.

"Thomas J. Wasson.        [Seal.]
"Charles F. Peltier.      [Seal.]
"Charles P. Collins.      [Seal.]"

The case was once in this Court before.[1]  The judgment was then reversed, and a new trial granted.  That trial has been had, and the proceedings upon that trial we are now asked to review.  The proceedings before the circuit court commissioner were in ejectment to recover the possession of land under section 8295, How. Stat.  The plaintiff in that suit recovered both before the commissioner and on the appeal in the circuit.

On the trial the plaintiff offered in evidence the judgment for restitution, and the taxed bill of costs, showing the amount awarded to the plaintiff.  This was objected to on the ground that no execution was issued to collect the judgment for costs against the principal in the bond within 30 days from the time the plaintiff was entitled to the same. The objection was overruled.  Counsel for defendants still insist this objection should have been sustained.  The court ruled correctly.

Section 8307 of the statutes, with reference to appeals from commissioners, is as follows:

"Either party conceiving himself aggrieved by the determination or judgment of the commissioner * * * may appeal therefrom to the circuit court for the same county, within the same time, in the same manner, and return may be compelled,

---

[1] See *Bauer v. Wasson*, 60 Mich. 194.

and the same proceedings shall be thereon had, as near as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace, and costs shall be awarded and collected in the circuit court in the same manner."

Section 8309 provides:

" If, upon trial of an appeal in the circuit court, judgment be rendered in favor of either party for costs, the circuit court may issue execution for such costs."

Section 7030 of the justices' act is as follows:

"If the judgment be rendered against the appellant alone, execution shall be issued thereon within thirty days after the rendition of the same, or the sureties in the appeal-bond shall be discharged."

It was admitted that no execution was issued against the defendant Wasson within the time prescribed, or at any time before the commencement of suit. The section making the continuance of the sureties' liability depend upon the issuing of execution within 30 days from the time when taken out does not apply to cases on appeal from the decision of justices of the peace in "proceedings to recover the possession of land in certain cases," but is confined to cases arising under the justices' act, and appeals taken from judgments rendered by justices under that act.

The other point relied upon by the counsel for defendants is that the sureties cannot be made liable for the rent claimed, and which was awarded in the judgment against them. If they are liable, there seems to be no contest over the amount due, as it was a mere matter of calculation, the terms of the lease having been put in evidence.

It will be seen that the court did not find the amount of rent due, as required by statute in such cases. Section 8299 of the landlord and tenant act contains the following:

" *Provided*, that if it is claimed, either upon the trial before such officer, or upon the trial of any appeal to the circuit court, that the complainant is entitled to the posses-

sion of said premises in consequence of the non-payment of any sum of money due, * * * such officer, or the court, or the jury, if the case is tried by a jury, shall, in addition, ascertain and determine the amount due the said complainant, and such amount shall be stated in said judgment."

The failure, however, to find the amount did not release the liability of any party to the bond. The amount of rent, if found by the court or jury in the ejectment suit, would have constituted no part of the judgment, and could not have been enforced against either principal or surety by execution. The object of that clause of the section was no more than to ascertain with certainty the extent of the liability of the defendant and his sureties, that they might have the opportunity to discharge such liability, and have the record evidence of such discharge, by payment, without waiting for suit to be brought upon the bond. *McSloy v. Ryan,* 27 Mich. 116.

The bond creates the liability of the sureties in this case, and the common law gives the plaintiff his right of action to enforce it unless he is prohibited from such remedy by statute, and I have found no statute containing such prohibition.

The judgment must be affirmed, with costs.

The other Justices concurred.