WILLIAM TREVOR v. CHARLES R. HAWLEY ET AL.

*Practice in circuit court—Special verdict—Inconsistency—Amendment—Judgment.*

Where the record in a suit to recover for goods sold and delivered shows that the only controversy between the parties on the trial was as to the right of the defendant to return certain of the goods, and to be allowed a reduction therefor, and the answers of the jury to the special questions submitted to them show that they found against such right, but they render a general verdict for the remainder only of the account, the court has power under 3 How. Stat. § 7606, which provides that, "when any special finding of fact shall be inconsistent with a general verdict, the former shall control the latter, and the court give judgment accordingly," to increase the verdict by adding the omitted amount, and render judgment accordingly.

Error to Bay. (Cobb, J.) Submitted on briefs March 7, 1894. Decided March 27, 1894.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

· *Chester L. Collins,* for appellants.

*J. L. Stoddard,* for plaintiff.

HOOKER, J. Plaintiff sued defendants for a bill of merchandise. With the declaration was served an affidavit

that on October 20, 1892, $219.75 was due, with interest at 6 per cent. from November 29, 1891. A bill of particulars was filed and served, giving items amounting to $219.75. The bill of exceptions states that "no contest was made on any part of plaintiff's claim, excepting the goods designated as 'reefers,' and invoiced at $28.88." As to these the defendants claimed that the contract gave them the right to return such of them as they could not sell before January 1, 1892, and that they did return them December 26, 1891. The court instructed the jury that such a return was premature, and left two special questions to the jury upon request of plaintiff, as follows:

"1. Was there any agreement made by plaintiff and defendant Charles R. Hawley for the return of any goods in question if they were not sold?

"2. If there was any agreement upon that subject, was the agreement between them that such of the goods designated as 'reefers' as defendants could not sell by the 1st day of January, 1892, could be returned by them to plaintiff?"

To each of these the jury answered, "Yes," and they rendered a general verdict for $204.54, which, upon motion of plaintiff's counsel, the court raised to $236.34.

It is contended that this action of the court was erroneous—

1. Because the court can consider only the pleadings, bill of particulars, and verdict in rendering a judgment.

2. Because the questions were ambiguous, and the general and special verdicts were not inconsistent.

3. Because, if there was an inconsistency, there was a mistrial.

The claim of the plaintiff is apparent from the bill of particulars and affidavit, viz., $219.75, with interest from November 29, 1891, to July 10, 1893. Moreover, the charge states it at $240.06. It also states the amount of the claim upon defendants' theory, viz., $204.55. The

charge and the concession mentioned clearly show that the only controversy was the right of the defendants to return the bill of $28.88, and the reduction consequent thereon, which the charge shows to have been $35.51. The question was submitted to the jury, and their general verdict would show that they took the defendants' view. The answers to the special questions show conclusively that they found that the contract was that only such goods as could not be sold by January 1, 1892, could be returned, and, it being conceded, as the charge shows, that they were returned earlier, there was a clear inconsistency. Thereupon the court entered a judgment for a larger sum. The reduction from $240.06 to $236.34 is accounted for by a reduction made for five months' interest which the charge showed was in dispute. There is no inconsistency between the questions and answers, but in the light of the theory of the trial, as conclusively shown by the bill of exceptions, there was an inconsistency between them and the general verdict, under the law, as correctly stated in the charge, which the court rightly corrected by making the general verdict conform to the special findings. 3 How. Stat. § 7606. In the correction of a general verdict the court cannot take into consideration and determine questions of fact which the jury should pass upon, and which might affect the result. He must take their actual or necessary findings upon the facts. But where, from the record, it appears what the findings were, or must legally have been, they are to be considered with the pleadings and verdict in determining what the judgment upon special questions and answers should be.

The judgment must be affirmed.

The other Justices concurred.