133   335<br>d143  577

## MESHEW *v.* SOUTHWORTH.

1. SPECIFIC PERFORMANCE—CONTRACT—PLEADING AND PROOF.
   In a suit for the specific performance of a written contract, complainant cannot show that the contract is different from that set out in the bill.

2. SAME—VENDOR AND PURCHASER—TITLE—ABSTRACT—INCUM-BRANCES.
   A vendor in a land contract, who was required by its terms to furnish an abstract showing a good and sufficient title, cannot enforce a specific performance thereof, where the abstract furnished was not brought down so as to show title in himself, and there was a mortgage on the premises, which was not discharged until after the commencement of the suit.

Appeal from Cass; Carr, J. Submitted February 24, 1903. (Docket No. 118.) Decided May 29, 1903.

Bill by Charles H. Meshew against Cena E. Southworth for the specific performance of a land contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*Freeman J. Atwell (Coy W. Hendryx,* of counsel), for complainant.

*Charles E. Sweet (Clyde W. Ketcham,* of counsel), for defendant.

Moore, J.   Complainant filed this bill in October, 1901, to obtain a decree for the specific performance of a land contract.   From a decree dismissing the bill of complaint, the complainant has brought the case here by appeal.

The material portions of the written contract are as follows:

"This agreement, made and entered into this 10th day of August, 1901, by and between Charles H. Meshew, party of the first part, and Mrs. C. E. Southworth and husband, R. W. Southworth, parties of the second part, all of Dowagiac, Michigan, witnesseth:

"That the party of the first part, for and in consideration of the agreements hereinafter specified to be by the party of the second part performed, hereby agrees to convey to said party of the second part by warranty deed from Charles H. Meshew and wife, Elizabeth C. Meshew, the following described property situated in Dowagiac, Cass county, Mich., and being lots Nos. forty-one (41), forty-two (42), and forty-eight (48) in Meshew's Fair Ground Addition to the City of Dowagiac, according to the recorded plat thereof.

"And the party of the second part for their part, for and in consideration of the agreements above specified being by the party of the first part well and truly performed, do hereby agree to assign and deliver, or cause to be assigned and delivered, to said party of the first part, his heirs or assigns, an undivided one-half (½) interest in [a $1,600 mortgage].   *   *   *

"It is hereby further mutually agreed and understood by and between the parties hereto, and as part of the consideration of this agreement, that each party hereto is to provide for the use of the other, within ten days from the date hereof, proper abstracts of title of the property hereby agreed by them to be conveyed or caused to be conveyed, showing good and sufficient title to the same in the grantors herein mentioned; and also that each party shall pay all other costs incident to his part of the negotiation.   All

deeds to be passed, and this negotiation to be closed, within ten days from the time that examination of the aforesaid abstracts of title shall have been completed."

On the 16th of August, 1901, the complainant delivered to Mrs. Southworth the only abstract of title which he ever delivered to her. This statement of title was not brought down to any later date than September, 1899, and it was a statement of title to 23 acres off from the south end of the west half of the southeast quarter of section 31, town 5 south, range 15 west, excepting 1½ acres in the southwest corner thereof, formerly owned and occupied by Henry Clark, Wayne township, Cass county, Mich. It showed the title to this land was in the City Bank of Dowagiac. It did not show what conveyances, if any, or what changes, had been made in the title later than September 16, 1899. It did not show, and there is nothing in the record to show, that the land described in the statement of title was ever platted into lots, which plat was recorded.

On the 23d of August, 1901, Mrs. Southworth sent a letter to complainant, notifying him of her intention to rescind the contract, and stated:

"The grounds for such rescission are the failure on the part of said Charles H. Meshew and Elizabeth C. Meshew to perform their part of their contract which was to be performed within ten days after the same was entered into."

To this letter, complainant replied that he would not consent to a rescission of the contract; saying, among other things:

"If the abstract that I have furnished is unsatisfactory, I stand ready to satisfy you in any reasonable way upon your complying with your part of the contract, and showing wherein my abstract is unsatisfactory to you; in fact, I stand ready to comply with all the terms and conditions of our contract, and trust that I may not have to take steps to enforce specific performance upon your part."

On the 27th of August he made a warranty deed of the lots, and tendered it to Mrs. Southworth, and at the same

time read to her a letter written by him, containing, among other things, the following statement: ·

"I am ready to deliver this deed to the aforesaid lots at any time up to and including August 30, 1901, provided you have satisfied me that your title to the property that you are to convey is or can be made perfect at the time that you transfer the same to me.  I am ready to comply with any reasonable request that you may make with reference to the title to the property that I herein propose to convey, and do convey by the warranty deed herewith submitted.  You will find that the aforesaid lots are covered by a mortgage held by the City Bank, which mortgage recites that upon the payment of $60 per lot they will discharge said mortgage as to those particular lots. You may verify this by conferring with F. W. Lyle of the aforesaid bank."

He has never made to her any other tender of a deed. Mrs. Southworth declined to accept the deed so tendered. At the time this deed was tendered, the bank had a mortgage calling for the payment of $60 on each of these lots. It appeared upon the trial that by two deeds the title to the 23 acres which the bank had owned was conveyed to the complainant on the 18th of December, 1899, but the bank still held a mortgage on said property.  There is nothing in the record to show that these two deeds were ever called to the attention of the defendant until they were filed in evidence in this case upon the trial, May 17, 1902.  The record shows that the mortgage on said lots was not discharged of record until the 13th day of March, 1902.

It is the claim of complainant that, at the time the contract was drawn, there was an oral understanding with reference to the obtaining of the discharge of the mortgage from the bank at the time the papers were exchanged between the parties to the contract, and it was sought to establish an entirely different contract, by parol, from the written contract which is sought to be enforced.  We think it hardly necessary to suggest that, inasmuch as this is a bill asking a specific performance of a written contract,

if there was no other rule of law which would forbid the setting up of another contract, it could not be done in this proceeding.    Without going into detail as to what is disclosed by the oral testimony, we have recited enough from the record to show that complainant has never performed what he agreed to perform by his written contract, and that he was not the owner of the land in controversy, free from all incumbrance, at the time he made a conditional tender of the warranty deed, and that it was not until long after this bill was filed that he obtained a discharge of the incumbrance which was upon the lots which he had agreed to sell to the defendant.    The facts disclosed by the record do not call for any discussion of legal principles.

The decree of the court below is affirmed.

The other Justices concurred.