## GOULD v. YOUNG.

1. EVIDENCE—ADMISSIBILITY—CURE OF ERROR.

Error in admitting oral evidence of matters of which written evidence exists is cured by the subsequent introduction of the writings.

2. TRIAL—OBJECTIONS TO EVIDENCE—SUFFICIENCY.

In summary proceedings to recover land sold on contract, an objection to oral evidence of the existence and discharge of a mortgage on the land that it is "incompetent, immaterial, and irrelevant, not mentioned in the contract between these parties" calls attention to no reason for excluding the evidence.

3. SAME—DIRECTED VERDICT—AMENDMENT OF JUDGMENT.

Where, in summary proceedings to recover land sold on contract, the court directs a verdict for complainant, and the verdict fails to find the amount due complainant, it is proper for the court, on motion of complainant, to amend the judgment entry by stating the amount due. .

4. VENDOR AND PURCHASER—RIGHTS OF PURCHASER—INCUMBRANCE BY VENDOR.

The fact that the vendor, in an executory contract for the sale of land, borrows money by incumbering the land after the making of the contract does not entitle the purchaser to have the amount so raised applied on the contract, or entitle him to retain possession after default, on the theory that when the money raised is so applied he is not in default.

Error to Van Buren; Carr, J. Submitted January 31, 1906. (Docket No. 79.) Decided April 3, 1906.

Summary proceedings by Thomas Gould and another against David D. Young and another for the possession of certain real estate. There was judgment for complainants on a verdict directed by the court, and defendants bring error. Affirmed.

*Lincoln H. Titus*, for appellants.

*Anderson & Warner*, for appellees.

OSTRANDER, J.   Complainants are vendors, and defendants the vendees, in an executory contract for the sale of lands, entered into August 31, 1901, under which defendants are in the possession.   In March, 1905, vendors, after having given a three months' notice of claimed forfeiture of defendants' rights, with demand for possession, began an action before a circuit court commissioner to recover possession, the complaint setting out, generally, the possession of defendants, a tenancy, unlawful holding, and the right of complainants to possession.   The commissioner found in favor of complainants, and found and stated the amount which was, by the terms of the contract, then due.   Defendants appealed.

The case was heard at the circuit, and a verdict directed for complainants.   No testimony was offered on the part of defendants.   The journal of the court recites a verdict rendered by direction of the court and concludes as follows:

"Therefore it is considered that the said complainants do recover possession of the premises described in the complaint,   *   * . *   and that a writ of assistance do issue;  *  *  *  that complainants recover their costs and charges."

Counsel for defendants moved to set aside the verdict and judgment, for the reason that the amount due to complainants should have been determined by the jury. Complainants, by a writing filed in the cause, tendered a correction and amendment of the judgment entry, to the effect that there was due at the date of trial upon the land contract $791.65, and interest thereon from March 3, 1905, at the rate of 5 per cent. per annum, and also waived the right to interest from March 3, 1905, to the date of said correction and amendment.   The court amended the judgment, and overruled the motion.   The land contract provided for payment of the purchase price of $3,000 in installments, upon ' payment of $1,000 of which, in accordance with the terms of the contract, a deed was to be given and mortgage taken for the balance

of the purchase price. Vendees have not made payments according to the requirements of the contract, and were, when notice to quit was served upon them, and still are, in default. There is evidence in the record of a claim on the part of their counsel that they have paid a total of $729.20. On October 1, 1903, by the terms of the contract, a total of $800 should have been paid. The case is brought here by writ of error, 42 errors being assigned upon the record, and the bill of exceptions containing all the testimony. The brief for appellants does not contain, as is required by Rule 40 of this court, a statement, distinct from argument, of the errors relied upon, the questions involved, and the manner in which they arose. The court is much aided by the observance of this rule.

1. Under the first two assignments of error, we are asked to reverse the judgment, because oral evidence was admitted of matters which were in writing, and better proved by the instruments themselves. Both writings were later introduced in evidence.

2. The statements of a witness to the effect that there was a mortgage upon the premises when the executory contract was made, which mortgage was later discharged, were received over objection that they were "incompetent, immaterial, and irrelevant, not mentioned in the contract between these parties." Exceptions were taken, errors assigned, and they are argued in this court. There may have been better evidence of the facts, but it is not clear how the fact stated in the objection affects the question of the admissibility of this testimony. Besides, the facts stated by the witness were otherwise proved, are included in appellants' statement of facts, and are affirmatively relied upon as evidence of infirmity in the case made by complainants. Why this court should be called upon to examine and dispose of these objections is not clear. We have examined and overrule, as without merit, all objections based upon rulings admitting evidence.

3. It is not pointed out in what respect the facts recited in the amendment to the judgment are untrue. Testi-

mony was given of the sums paid by defendants upon the contract. The directed verdict was not a nullity, nor void. The amendment supplied whatever defendants were entitled to have included in the judgment entry if the amount was correctly stated. *McSloy* v. *Ryan*, 27 Mich. 116; *Bauer* v. *Wasson*, 66 Mich. 256; *Trevor* v. *Hawley*, 99 Mich. 504.

4. Defendants insist that the provision in the contract concerning payments, which reads: "$200, April 1st, 1902 (or when possession is given), providing, however, that a good marketable, and sufficient abstract of title shall first be furnished, and showing no incumbrance upon the said premises," was not complied with by complainants. It appears, however, that an abstract covering 80 acres, including the premises in question, was exhibited to defendant David Young (this showed the mortgage upon the premises, which was discharged May 27, 1903), and that later, in October, 1904, an abstract of the particular premises in question was delivered to defendants. This mortgage having been discharged, the matter does not seem to have any relevancy. It also appears that defendants did not pay $200 on April 1, 1902, but did pay, on April 11th, $120, and made various payments thereafter until August 1, 1904, since which time nothing has been paid. It is claimed that neither abstract furnished is such an one as the contract demands, and therefore defendants are entitled to possession of the premises. We do not discuss the rather technical faults found with the abstract finally furnished; the entries in which appear in the record. It shows a mortgage, dated May 25, 1903, for $1,000, given by complainants, conveying the contract premises. The undisputed testimony is to the effect that the mortgagee, being applied to by complainants for a loan, and knowing that the land was sold upon executory contract, visited the property with complainant Thomas Gould, and, in a conversation there with defendants, stated to them that he had concluded to lend complainants $1,000 on the property; that he did not lend money in such cases without

an understanding that it was satisfactory to the contract purchasers; that Mr. Young, in presence of his wife and Thomas Gould, stated that he did not care to whom he owed the money. The contract bore a lower rate of interest than the mortgage, and Mr. Gould claimed that, inasmuch as he had waited upon defendants for payments, they should pay the increased rate of interest. Later, Mrs. Young visited the said mortgagee for the purpose of procuring a larger loan to pay up complainants. It is in evidence, also, that complainants gave David Anderson authority in writing on October 26, 1903, to collect amounts due and to become due upon the contract, and that in April, 1904, Anderson and the defendants entered into an agreement, in writing, known to and ratified by complainants, which agreement referred to the original land contract, and recited that payments thereon had been extended to October 1, 1904, in consideration of which $25 was presently paid by defendants, promise made to pay other sums on June 1st and August 1st, and to pay on October 1, 1904, all sums then due by the terms of the original contract. The proceeds of the peach crop of 1904, if there should be one, were set over to said Anderson to be applied on the contract; any sums in excess of amounts due October 1, 1904, to be returned to defendants. The force and effect of this agreement are debated. It had and has no place in the case except as evidence that defendants were not refusing to make payments upon the ground that an abstract of title had not been furnished them, that they made certain payments according to the terms of said contract, and that they did not then regard complainants as being in any way in default. Counsel for appellants claim that the money secured by the mortgage last given should be applied as a payment upon the contract price. Why this should be done is not pointed out. No good reason has suggested itself.

At the conclusion of complainants' case, counsel for defendants asked the court to direct a verdict for defendants for the reasons:

1. That the $1,000 borrowed should be applied upon the contract, leaving nothing due thereon.

2. That the evidence showed that no proper abstract had been furnished on April 1, 1902.

3. That complainants had not insisted upon time as of the essence of the contract and had accepted payments long after they became due; had placed a lien upon the premises. That the effect of all of these things was to relegate complainants to a court of equity for relief.

The court declined to then direct a verdict, and thereupon defendants rested their case. We are of opinion that the testimony warranted no other conclusions than were arrived at by the court in finally directing the verdict. The title of complainants to the premises is not questioned. Defendants have never been in position to demand of complainants any action beyond the furnishing of an abstract. The authorities relied upon by counsel for appellants, viz., *Meshew* v. *Southworth*, 133 Mich. 335; *Getty* v. *Peters*, 82 Mich. 661 (10 L. R. A. 465), are not in point here. In the first case cited, the vendors were seeking to compel specific performance by the vendees, and in the other the facts bear no resemblance to those appearing here. Indeed, in that case it was expressly found that the vendee was always ready to perform the contract, and that, at the time notice of forfeiture was given, the vendor had no title to the premises. We think no authority will be found for the broad claim asserted at the hearing that defendants may remain in possession without making payments, or being ready or offering to do so, because complainants have, since the contract period began, mortgaged the land.

The undisputed testimony shows clearly defendants' assent to such mortgaging. There was no issue of fact to be determined by the jury. Whatever the rights of defendants may be, they do not include the right to continue in possession of the land.

The judgment is affirmed.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.