SMITH *v.* NELSON.

1. EQUITY—CHANCERY PRACTICE—PRELIMINARY INJUNCTION—DISMISSAL.

While a bill in chancery should not ordinarily be dismissed on the hearing of an order to show cause why an injunction should not issue, it was not error to dismiss the bill when the only question raised by complainant was a question of law, depending on the interpretation of a statute.

2. LANDLORD AND TENANT — SUMMARY PROCEEDINGS — TENDER — RENT DUE.

Under 3 Comp. Laws, § 11177, a tender of rent due a landlord as determined in summary proceedings for the possession of the premises, must be made either after judgment in the commissioner's court or on appeal to the circuit, within five days after final judgment; it is too late after the affirmance of such judgment on error to the Supreme Court.

Appeal from Lenawee; O'Mealey, J. Submitted January 5, 1911. (Docket No. 31.) Decided May 8, 1911.

Bill by Daniel D. Smith against George H. Nelson and Emma A. Nelson for an injunction against the enforcement of a judgment at law, and for specific performance.

From a decree dismissing complainant's bill, he appeals. Affirmed.

*Herbert R. Clark*, for appellant.

*Smith, Baldwin & Alexander*, for appellees.

HOOKER, J. Smith purchased certain land from the Nelsons (husband and wife), upon a land contract, $1,000 being paid down, and a balance of $3,610 made payable December 1, 1908. He also took it subject to a mortgage of $2,060, which he assumed. A notice of forfeiture for nonpayment was served upon Smith on March 2, 1909, and summary proceedings to recover possession were commenced before a circuit court commissioner on March 11, 1909. A verdict and judgment were rendered in favor of the Nelsons, and Smith appealed to the circuit court, where he was again defeated. The circuit court judgment was affirmed by this court. See *Nelson* v. *Smith*, 161 Mich. 363 (126 N. W. 447).

The present suit arises on a bill filed by Smith, praying that defendants (the Nelsons) be compelled to make a deed of the premises to complainant; it being alleged that he made a seasonable and sufficient tender under the statute (§ 11177, 3 Comp. Laws), which provides:

" No writ of restitution shall be issued under the provisions of this chapter, until the expiration of five days after the entry of judgment of restitution; and in case of an appeal within that time, no writ of restitution shall issue until such appeal be determined in the circuit court; and in case it is found that the complainant is entitled to the possession of the premises, in consequence of the nonpayment of a sum of money, no writ of restitution shall issue. if the defendant shall, within five days after final judgment, pay the amount so found due, and double the amount of costs awarded to the said complainant."

The bill prayed a temporary injunction against the taking out of a writ of restitution from the circuit court, and an order to show cause why such an injunction should not be allowed was made returnable on May 21, 1910, and a

restraining order was issued in the interim. An answer was filed on May 21st, and the order to show cause was brought to a hearing, and subsequently the following opinion and decree were filed:

"At a session of said court held at the courthouse in the city of Adrian on the 18th day of July, 1910:

"Present: Hon. John L. O'Mealey, Circuit Judge.

"The matter of the order heretofore entered, that the defendant show cause why an injunction should not issue as in the bill of complaint prayed, and that in the meantime a restraining order issue, restraining the issuing of a writ of restitution, and of possession, in the law case between the parties, and the disposition of the case on bill and answer, and upon the facts conceded in open court, came on further to be heard.

"After hearing and considering the pleadings, the allegations of the parties, and the arguments of counsel, it is determined, ordered and decreed that the defendants have shown cause why an injunction should not issue, and the order to show cause is dismissed and injunction is denied; and, as the bill of complaint stated no facts which would entitle complainant to any relief except the relief based on his contention of the intent and meaning of the statute, which the court finds cannot be sustained.

"It is further ordered, adjudged, and decreed that the bill of complaint be, and the same is, dismissed, with costs to defendants to be taxed.

"JOHN L. O'MEALEY, Circuit Judge.
"FRED A. ACKER, Register."

"STATE OF MICHIGAN—THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE—IN CHANCERY.

"Daniel D. Smith,
        "Complainant,
        v.
"George H. Nelson and Emma A. Nelson,
        "Defendants.

"At a session of said court held at the courthouse in the city of Adrian on the 18th day of July, A. D. 1910.

"Present: Honorable John L. O'Mealey, Circuit Judge.

"The court, having filed written findings in this cause on the date hereof, holding that defendants have shown cause under the order heretofore issued herein, and that said order be dismissed and the injunction denied, and

dismissing the bill of complaint, and an order having been entered herein to that effect, on motion of Herbert R. Clark, solicitor for complainant, it is ordered, adjudged, and decreed that proceedings herein be, and the same are hereby, stayed for a period of 40 days for the purpose of permitting complainant to file a claim for and perfect an appeal to the Supreme Court, and that in the meantime defendants be restrained from procuring or executing a writ of restitution in the law case for the recovery of the possession of the premises involved in this suit, and in case of an appeal during that time that this restraining order continue in force until the final disposition of said cause in the Supreme Court.

"JOHN L. O'MEALEY, Circuit Judge."

Ordinarily a final disposition of a cause in chancery at issue between the parties will not be made on the hearing of an application for, or a motion to dissolve, an injunction *pendente lite*. In this instance, however, if the defendants' construction of the statute quoted is the correct one, the complainant would not be entitled to relief upon the facts stated and admitted; while, if complainant's construction should be sustained, the court should have gone no farther than to decide the question of the allowance of an injunction, leaving the cause to go to hearing on the merits, viz., the question of a seasonable and sufficient tender, which is disputed by the answer.

The complainant claims that he has a right to five days after the rendition of the judgment in this court within which to pay the amount found due, while the defendant insists that this statute applies only to the judgment of the circuit court, and that the right has been lost. This statute was construed in the case of *McSloy* v. *Ryan*, 27 Mich. 110. In that case a landlord sought to dispossess a tenant for nonpayment of rent. The jury in commissioner's court found a verdict of guilty, and that the amount of $80 was due for rent on the day of trial. The defendant appealed to the circuit court, and upon the trial the question of the amount of rent due was not submitted to the jury; the court holding that it was not needful that they decide that and they returned merely the verdict of

guilty.   Error was brought and based upon that omission. The only imaginable injury that could have resulted to the defendant from that omission is that he was thereby precluded from paying the amount of his arrears and double costs under section 11177, which manifestly he could not do if it was not ascertained, or he was at liberty to take the amount found by the jury in the commissioner's court, upon whom the obligation to pass upon that question was mandatory, under section 11168.   After quoting the statutes, and in the course of its discussion, this court said :

" Before  the commissioner these proceedings  are very summary, and may generally be pushed to a very speedy conclusion; and, as cases will sometimes occur in which honest differences will exist as to whether anything is due, the permission to defendant to pay what is found against him, but under a penalty of double costs, would seem, in view of the summary character of the proceedings, to be not unjust to either party.   When, however, the case is appealed to the circuit court, the reasons for giving defendant permission to make payment after a verdict against him, are not so urgent or forcible.   In that court, the case cannot be pushed to such speedy conclusion, and even in cases where the defendant believes nothing to be owing by him, he has had one opportunity of knowing what the evidence was against him, and is not likely to be taken entirely by surprise at the trial, or to be unprepared for an immediate dispossession after judgment, as he might have been when proceedings were first commenced.   These considerations may possibly have had weight with the legislature in prescribing what the proceedings should be on appeal; and, though by no means very conclusive, they may properly be borne in mind in considering the various provisions of the statute which have been made for the case.

" An examination of these provisions will show that we are not at liberty to infer that those which apply to the proceedings before the commissioner were to regulate wholly the action of the circuit court also.   On the contrary, express provision is made for judgment, costs, execution, and writ of possession in that court; and the omission to make reference to any finding upon the amount due is consequently very significant, and affords

very strong evidence of the legislative intent that the privilege which was given the tenant in the court below of being left in possession on payment merely of what was due when proceedings were commenced could not justly be left open to his acceptance after such lapse of time as must necessarily attend an appeal, and when other installments may have fallen due and been left unpaid. And this evidence is particularly strong in view of the unqualified terms in which authority is given the circuit court to issue writ of possession to the complainant obtaining judgment, and which is made subject to no restriction or qualification whatever. It is probably the view of the legislature that the delays of the appeal would of themselves to some extent answer the purpose of the privilege given before the commissioner; and, as only the defendant would appeal in a case where the judgment was such as to give this privilege, he would do so with the distinct understanding that he had his election to pay the amount reported due, and retain the premises, or to take his chances of being able to satisfy the appellate court that there was no cause for proceeding against him at all. We assume that the complainant would not appeal from a judgment in his own favor, from a dissatisfaction with the amount found due, even if he had a right to do so, because the finding of this special tribunal, which has no power to try common-law issues, could not be binding upon him in a suit for rent; but, if the amount of rent is not to be passed upon in the circuit court, dissatisfaction with the award before the commissioner could not be the subject of appeal; and this would seem to be the view of the legislature, for the appeal is allowed only from the 'determination or judgment' of the commissioner, and the finding of the amount due, though to be stated in the judgment, is in fact no part of it. It follows from what has been said that the judgment should be affirmed, with costs."

We do not mean to be understood that the question of amount due is not now one that the circuit court should decide, for the statute (2 Comp. Laws 1871, § 6710) has been amended, imposing such a duty (Act No. 198, Pub. Acts 1881; 2 How. Stat. § 8299; 3 Comp. Laws, § 11168). See, also, *Gould* v. *Young*, 143 Mich. 572 (107 N. W. 281). But the principles of construction applied

in that case are equally applicable here. It is quite as reasonable to. say in this case that the legislature intended this—*i. e.*, the appeal in the circuit—to be a summary proceeding, and that it was its design that the defendant after two trials of the merits, should pay the amount due within five days, or lose such privilege whether the omission accompanied an appeal to the Supreme Court or not, as it was after one trial, under the original section, 11168 (2 How. Stat. § 8299). This provision under which a breach of contract is forgiven is a restriction upon the right of parties to have their contracts carried out according to their terms, or at least upon their remedy by summary proceedings. See *Smith* v. *Building Association*, 115 Mich. 346 (73 N. W. 395, 39 L. R. A. 410, 69 Am. St. Rep. 575). The extension of this right by virtue of the amendment has done much to deprive parties of summary relief, for in such cases all a party defendant need do is to appeal his case, and he can safely defer payment until a judgment is rendered in the circuit court. If complainant's contention be sustained, these summary proceedings will have been practically converted into a mere action for money, no more summary than any other action and summary proceedings in such cases made little better than the action of ejectment, for obtaining possession, although no question of title can arise. As the court said in the case cited, honest differences may exist on the question of payment, and two trials of the merits ought to be enough to settle such. It is to us obvious that the case of McSloy must have been before the legislature when the statute was amended. Probably it was the occasion of the amendment, and we are confident that it was not the design of the legislature to extend the right to a judgment of this court, the effect of which would be to make it applicable indefinitely so long as new trials might be had.

An argument is made as to the meaning which should be attached to the term "final judgment" in section 11177. That section is unchanged, having been the same when the *McSloy Case* was decided. Necessarily it must

have been then construed to refer to the judgment of the
circuit court commissioner only, and therefore it must be
considered settled under the rule of *stare decisis.* It is
improbable that the silence of the act as to the right of
payment after judgment in the Supreme Court was over-
looked when the legislature was discussing and changing
a similar omission, in the light of Mr. Justice COOLEY'S
views upon the subject, expressed in the case of McSloy, or
reference thereto omitted with the expectation that the
reasoning of that case would permit a farther extension
by construction.

Counsel for appellant state in their brief that the only
question that they care to raise is whether a tender can be
effectively made under the provisions of section 11177 after
judgment in this court.

As we think it cannot be, the decree is affirmed, with
costs of both courts.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ.,
concurred.