LEMM *v.* SPENCER.

LANDLORD AND TENANT—SUMMARY PROCEEDINGS — JUDGMENT FOR RENT AND COSTS NOT TO BE INCLUDED IN JUDGMENT FOR POSSESSION ON APPEAL TO CIRCUIT.

> On appeal to the circuit court from summary proceedings before a circuit court commissioner, the appeal is from the determination or judgment of the commissioner, and the amount due, although to be stated in the judgment, is in fact no part of it, and, therefore, the court, in entering judgment for plaintiffs for possession, was in error in also entering judgment against defendant and the sureties on his appeal bond for the rental of the premises and the costs.

Error to Wayne; Moynihan (Joseph A.), J. Submitted January 18, 1928; resubmitted March 27, 1928. (Docket No. 86.)    Decided April 3, 1928.

Summary proceedings by Merritt A. Lemm and others against Gilbert J. Spencer for the possession of leased premises.    There was judgment of restitution, and defendant appealed to the circuit court.    Judgment for plaintiffs for rent due.    Defendant brings error.    Reversed.

*Joseph S. McDowell,* for appellant.

*Bishop & Weaver,* for appellees.

POTTER, J.    Summary proceedings were commenced before a circuit court commissioner by plaintiffs against defendant.    Judgment was entered for plaintiffs against defendant for possession of the premises. Appeal was taken to the circuit court, where judgment was rendered for plaintiffs for the possession of the premises, against defendant and the sureties on his

---

Landlord and Tenant, 36 C. J. § 1888.

appeal bond for the rental of the premises in the sum of $175 and costs.

Section 13240, 3 Comp. Laws 1915, provides for the commencement of summary proceedings to recover possession of lands, when any tenant at will or by sufferance shall hold over after the determination of his estate, by a notice to quit, as provided by law.

Section 11812, 3 Comp. Laws 1915, provides:

"All estates at will or by sufferance may be determined by either party by three months' notice given to the other party."    *    *    *

Section 13244, 3 Comp. Laws 1915, provides that upon the return of the summons in summary proceedings issue shall be joined—

"and the same proceedings shall be had thereon in all respects, and the costs shall be taxed and collected in the same manner as in cases of forcible entry or detainer, and with the like effect."    *    *    *

Section 13237, 3 Comp. Laws 1915, provides that if defendant in forcible entry or detainer shall be convicted upon trial, the officer who issued the warrant shall thereupon enter a judgment—

"that the plaintiff have restitution of the premises; and shall tax the costs and the expenses for the plaintiff."

Section 13239, 3 Comp. Laws 1915, provides that in case defendant shall be found not guilty, judgment shall be entered for the defendant for his costs.

Section 13244, 3 Comp. Laws 1915, provides that upon the trial before a circuit court commissioner or upon any appeal to the circuit court, if—

"the plaintiff is entitled to the possession of said premises, in consequence of the nonpayment of any sum of money due, either as rent or as a part or portion of the purchase money of premises, under a contract in writing for the purchase thereof, such officer, or the court, or the jury, if the case is tried by a jury,

shall, in addition, ascertain and determine the amount due the said plaintiff, and such amount shall be stated in said judgment."

In *McSloy* v. *Ryan*, 27 Mich. 110, decided before the amendment of the statute, the court, by Mr. Justice COOLEY, said:

"The appeal is allowed only from the 'determination or judgment' of the commissioner; and the finding of the amount due, though to be stated in the judgment, is in fact no part of it."

In *Bauer* v. *Wasson*, 66 Mich. 256, suit was commenced upon a bond, given by Wasson as principal and others as sureties, on an appeal from a circuit court commissioner. The court said:

"The object of that clause of the section was no more than to ascertain with certainty the extent of the liability of the defendant and his sureties, that they might have the opportunity to discharge such liability, and have the record evidence of such discharge, by payment, without waiting for suit to be brought upon the bond."

The court was in error in entering a judgment against defendant and his sureties for the sum of $175.

The judgment for rent is reversed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.