MORTGAGE & CONTRACT CO. *v*. KUPALIAN.

1. Judgment—Res Adjudicata—Commissioner's Court Without Jurisdiction to Try Title.

Since commissioner's court is without jurisdiction to determine title, finding of said court that land contract was in legal effect a mortgage is no bar to subsequent suit for foreclosure of said instrument as land contract.

2. Vendor and Purchaser—Foreclosure—Redemption—Extending Time.

Where, pending appeal from decree in suit for foreclosure of land contract, time for redemption expired, such time is extended 30 days from filing of opinion affirming decree of court below.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 7, 1930. (Docket No. 28, Calendar No. 34,464.) Decided March 6, 1930.

Bill by the Mortgage & Contract Company, a Michigan corporation, against H. B. Kupalian and others to foreclose a land contract. From a decree for plaintiff, defendants Kupalian appeal. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*William Henry Gallagher* (*Clarence Blenman,* of counsel), for defendants.

Sharpe, J. In a proceeding by the plaintiff before a circuit court commissioner to recover possession of real estate held by defendants Mr. and Mrs. Kupalian under a land contract, they insisted that such contract was in legal effect a mortgage. A jury was impaneled, and so found, and a judgment of "no cause of action" was entered.

Plaintiff thereafter filed the bill of complaint herein, praying for the foreclosure of the instrument as a land contract, and had decree therefor. The attorneys for the Kupalians, who alone appeal, say in their brief that the question involved is whether the decision of the commissioner is *"res judicata* and binding on the trial court."

The claim of the Kupalians before the commissioner was one of title. If the land contract was in legal effect a mortgage, then they were the owners of the premises subject thereto. The commissioner's court was without jurisdiction to determine this question. In *Northern Michigan Building & Loan Ass'n* v. *Fors,* 171 Mich. 331, 332, it was said:

"This court has repeatedly held that the question of title could not be litigated in an action based upon these sections of the statute. It must have been apparent long before the close of the testimony that defendant claimed the right to possession of the premises because of his ownership of them. When it so appeared, and that title was necessarily involved, the proceedings should have been dismissed upon defendant's motion."

The judgment there rendered is in no way a bar to the present suit. *Axford* v. *Graham,* 57 Mich. 422.

. The decree herein was entered on November 19, 1928. As the time limited for redemption has long since expired, a decree may be here entered affirming such decree, with costs to appellee against appellants, and extending such time for 30 days from the filing of this opinion, after which sale may be had as provided for in the decree. Remand may be had for further proceedings thereunder.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.