GRYLLS *v.* HERGITON.

APPEAL AND ERROR—JUDGMENT FOR RESTITUTION—AMOUNT DUE NO
PART OF JUDGMENT—LEAVE TO APPEAL NOT NECESSARY.
    Although statute provides that amount found due under land
    contract is to be entered in judgment for restitution of prem-
    ises (3 Comp. Laws 1929, § 14979), it is no part of said
    judgment, and therefore defendant has right to appeal there-
    from without leave of Supreme Court although said amount
    is less than $500 (3 Comp. Laws 1929, § 15491).

Appeal from Wayne; Hunt (Ormond F.), J. Sub-
mitted June 20, 1933. (Calendar No. 37,137.) De-
cided August 29, 1933.

Summary proceedings by Mary Grylls against
Alice M. Hergiton to recover possession of land.
Judgment for plaintiff. From order dismissing ap-
peal, defendant appeals. Reversed.

*R. Gerveys Grylls,* for plaintiff.

*Robert E. Plunkett,* for defendant.

McDONALD, C. J. The question involved in this
case is whether an appellant is required to obtain
leave of the Supreme Court to appeal from a circuit
court judgment in a summary proceeding for the
restitution of premises sold on land contract.

In such a proceeding, the statute, 3 Comp. Laws
1929, § 14979, provides that if the court finds the
defendant is unlawfully withholding possession of
the premises he shall ascertain the amount due to

the plaintiff on the contract and enter it in the judgment. In this case judgment was entered in favor of the plaintiff, and the court found there was $375 due to her on the contract. The defendant filed a preliminary notice of appeal. On motion of the plaintiff, the circuit judge dismissed the appeal on the theory that the judgment was less than $500, and leave to appeal had not been granted by the Supreme Court in accordance with the statute, 3 Comp. Laws 1929, § 15491. From the order entered, the defendant has appealed.

The judgment appealed from is not a judgment for $375. It is merely a judgment for restitution of premises unlawfully withheld. The amount found due on the contract is no part of the judgment and cannot be enforced against the defendant. *Lemm* v. *Spencer,* 242 Mich. 366; *Bauer* v. *Wasson,* 66 Mich. 256.

The defendant had a right to appeal without leave of the Supreme Court. In entering the order of dismissal, the circuit court erred. No question is raised as to his jurisdiction over the appeal.

The judgment is reversed, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.