ARMSTRONG *v.* GRIMM.

1. COURT COMMISSIONERS—JURISDICTION—SCOPE.

Jurisdiction of circuit court commissioner in summary proceeding or circuit court on appeal therefrom is strictly statutory and does not include right to try title to land, determine whether an instrument is a land contract or, in legal effect, a mortgage, or equitable jurisdiction (3 Comp. Laws 1929, § 14975 *et seq.*).

2. FORCIBLE ENTRY AND DETAINER—EQUITABLE DEFENSES.

Equitable defenses are not permissible in summary proceedings before circuit court commissioner (3 Comp. Laws 1929, § 14979).

3. SAME—JUDGMENT—STATEMENT OF AMOUNT DUE.

Omission to state amount due in judgment for plaintiff in summary proceedings does not void the judgment since such statement is not a part thereof (3 Comp. Laws 1929, § 14979).

4. APPEAL AND ERROR—SUMMARY PROCEEDINGS—AMENDMENT OF JUDGMENT—REDEMPTION.

On appeal from judgment for plaintiff in summary proceedings which omitted to state amount due under contract sued on as provided by statute, judgment is amended pursuant to Court Rule No. 72 (1933), to include amount of payments shown to be past due and redemption permitted by payment of said sum together with interest at contract rate from date of judgment in circuit court (3 Comp. Laws 1929, § 14979).

Appeal from Wayne; Toms (Robert M.), J. Submitted June 6, 1934. (Docket No. 42, Calendar No. 37,779.) Decided September 18, 1934.

Summary proceedings by Robert C. Armstrong and Frances A. Armstrong against Christopher Grimm to recover possession of land, alleged to have been sold under a land contract. Judgment for plaintiffs. Defendant appeals. Modified and affirmed.

*Daniel M. Lynch,* for plaintiffs.

*Maurice D. Smilay,* for defendant.

BUSHNELL, J. This is a summary proceeding under the statute before a circuit court commissioner and but two questions are raised by the appeal: (1) Is the defense that a land contract is in legal effect a mortgage available in a summary proceeding before a circuit court commissioner or before a circuit court on appeal from the commissioner? (2) May a judgment be entered for possession without including the amount due in such judgment?

We have held that a circuit court commissioner, whose jurisdiction in summary proceedings for the possession of real estate is strictly statutory, has no right to try title to land or determine whether or not a particular instrument is a land contract or, in legal effect, a mortgage. *Mortgage & Contract Co.* v. *Kupalian,* 249 Mich. 577. Equitable defenses are not permissible in summary proceedings. *People's Mortgage Corp.* v. *Wilton,* 234 Mich. 252. Circuit court commissioners have no equitable jurisdiction. *German Bundesheim Society* v. *Schmidt,* 242 Mich. 139. We are not aware of any authority for a greater jurisdiction on the part of the circuit court on appeal.

The amount due is not a part of the judgment and its omission does not void the judgment. *McSloy* v. *Ryan,* 27 Mich. 110; *Bauer* v. *Wasson,* 66 Mich. 256; *Lemm* v. *Spencer,* 242 Mich. 366. Section 14979, 3 Comp. Laws 1929, provides, however, that:

"The court, or the jury, if the case is tried by a jury, shall, in addition, ascertain and determine the amount due the said plaintiff, and such amount shall be stated in said judgment."

The amount due should have been stated. Court Rule No. 72 (1933), reads:

"The Supreme Court may, at any time, in addition to its general powers, in its discretion and on such terms as it deems just: * * *

"(g) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

The testimony of plaintiffs shows nine monthly contract payments of $115 each past due, totaling $1,035. The notice of intention to forfeit the land contract gives the details of defaults totaling $2,501.21. The record does not aid us in reconciling the two items.

The judgment will be modified to include the amount of $1,035 due. Appellant may have the statutory period of 90 days from the date of this opinion in which to pay this sum, with interest at 7 per cent. in addition, as agreed in the contract, which interest shall be computed from the date of the circuit court judgment, October 18, 1933.

The judgment is affirmed as modified, with costs to appellees.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.