GRIMM v. ARMSTRONG.

VENDOR AND PURCHASER—MORATORIUM RELIEF.

    Purchaser of two-family flat for $11,540 in August, 1926, who remained in possession after default in payments in January, 1933, with balance of principal on contract of approximately $8,000, who lived in one part and collected $1,000 rent from other part, permitted taxes since 1931 to accumulate to over $500, paid only $15 in May, 1933, and protracted forfeiture proceedings through Supreme Court to an unsuccessful conclusion *held*, not entitled to relief under moratorium act (Act No. 122, Pub. Acts 1933).

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 22, 1936. (Docket No. 129, Calendar No. 38,612.) Decided March 2, 1936.

Bill by Christopher Grimm against Robert C. Armstrong and Frances A. Armstrong for moratorium relief in proceedings to forfeit land contract. Bill dismissed. Plaintiff appeals. Affirmed.

*M. D. Smilay,* for plaintiff.

*Daniel M. Lynch,* for defendants.

FEAD, J. In August, 1926, plaintiff owned premises in Detroit, which he deeded to defendants, who erected a two-family flat on them, and gave plaintiff a land contract back, in which he agreed to pay $1,500, and the balance of $11,540 in monthly instalments. Plaintiff made regular monthly payments until December, 1932, paid $75 in January and $15 in May, 1933, leaving a balance of approxi-

mately $8,000 of principal on the contract. In September, 1933, defendants commenced summary proceedings to recover possession for default in payments and had judgment of restitution by a circuit court commissioner, the circuit court and this court, *Armstrong* v. *Grimm,* 268 Mich. 437, this court finding the amount due to be $1,035 and interest and granting a 90-day period of redemption. On the last day of the redemption period plaintiff filed bill for moratorium relief* and, on January 22, 1935, decree was entered dismissing his bill, from which he appeals.

At the time of the decree the amount due was $2,645, and the taxes for 1931 to 1934, inclusive, in excess of $500, were unpaid. Plaintiff had been in possession of the premises, occupied part of them and, since January, 1933, had collected rent of $1,000 from the other part, paying no part of it on contract or taxes except $15 in May, 1933.

The circuit court failed to see any equities in plaintiff's position. Nor do we. The default, possession and collection of rents and the litigation render it evident that plaintiff has sought the profits of the property and has resisted his obligations to the utmost.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.

---

* See Act No. 122, Pub. Acts 1933.—REPORTER.