## FRANKLIN KINYON v. ABRAHAM C. YOUNG.

*Good faith of execution purchase—Enforcement of parol contract for land.*

44  339
76  194
44  339
83  633
44  339
103  296
44  339
106  503

A purchaser on execution who knows that land which he buys was subject to a contract of sale before judgment was rendered is not a *bona fide* purchaser as against the contract purchaser.

A parol contract was made for the sale of land and was carried out by giving a deed which was ineffectual for misdescription. The land was afterwards levied upon and sold on execution, and the contract purchaser filed a bill to enjoin an action of ejectment by the execution purchaser, to correct the mistake in the deed, and to have the deed on execution set aside as clouding his title. *Held,* that to entitle complainant to enforce the parol contract as against the owner of the legal title he must show (1) a contract, the terms of which are clear and complete, so that no reasonable doubt can exist respecting its enforcement according to the understanding of the parties, if enforcement seems equitable; (2) such acts of part performance, as according to equitable principles, will justify its enforcement, notwithstanding the failure to comply with the statute of frauds in making it; (3) the payment of the purchase price.

Appeal from Tuscola. Submitted June 11. Decided October 13.

INJUNCTION to restrain action of ejectment. Defendant appeals. Affirmed.

*John A. Edget* and *John Hurst* for complainant. Specific performance of an oral contract for lands may be enforced where the vendor's obligation to convey is found to be certain and definite (*Wilson v. Wilson* 6 Mich. 16) and the matter has been taken out of the statute of frauds by part performance: *Freeman v. Freeman* 43 N. Y. 34; *Miller v. Ball* 64 N. Y. 286. An execution purchaser is not a *bona fide* purchaser if he bids in the property after receiving notice of the interest of a third party in it: *Columbia Bank v. Jacobs* 10 Mich. 349; and notice which will put him on inquiry is sufficient (*Hosley v. Holmes* 27 Mich. 416, *Converse v. Blum-*

*rich* 14 Mich. 109), and he must inquire of the claimant: *McKee v. Wilcox* 11 Mich. 358; *James v. Brown* id. 25; *Woodward v. Clark* 15 Mich. 104; if the claimant is equitable owner and the purchaser has bought subject to his equities, the former may enjoin an action of ejectment brought by the latter against him, and equity will establish his rights: *Salisbury v. Miller* 14 Mich. 160; *Det. & Mil. Ry. v. Brown* 37 Mich. 534; *Bush v. Hicks* 60 N. Y. 298.

*Black & Quinn* for defendant. An equitable title cannot be established by parol evidence as against the muniments of title unless the proof is very clear and distinct: *Van Wert v. Chidester* 31 Mich. 209; *Jones v. Tyler* 6 Mich. 364. Part performance will not take a parol contract for land out of the statute of frauds unless it is in execution of that particular contract, and the contract is clearly established: *Phillips v. Thompson* 1 Johns. Ch. 131; Fry on Spec. Perf. 260; *Lord v. Underdunck* 1 Sandf. Ch. 46.

COOLEY, J. The bill in this case is filed for a threefold purpose: *First*, to enjoin the prosecution of a suit in ejectment by defendant for the recovery of certain lands described therein; *second*, to correct a mistake in a deed whereby complainant makes claim to the land; and *third*, to have a conveyance under which defendant asserts title to the land set aside as a cloud on complainant's title.

The substantial facts are the following: In 1871 Josiah Kinyon owned the land in controversy. Complainant is his son, and was then living with him. He came of age at about that time, and he claims that he then made arrangements with his father whereby the land was sold to him. The chief consideration was to be four years' labor thereafter performed; and this it is claimed was performed so as to entitle complainant to a deed in 1875. The land had constituted a part of the farm of Josiah Kinyon, on which he resided, and had upon it very little improvement. The value was perhaps $600. A deed to convey the land to complainant was executed and delivered in October, 1875, but it was ineffectual

by reason of a misdescription of the land, which was not discovered until the land was levied upon as hereinafter stated.

In the early part of 1875, Josiah Kinyon was sued by defendant for the non-performance of a log contract. There was a long trial in justice's court, in which Kinyon succeeded. Defendant appealed, and the case was pending in the circuit court at the time Josiah Kinyon made the deed to complainant. The case was not brought to trial in the circuit court until November, 1876, and defendant then recovered judgment for something over two hundred dollars. It is the theory of the defendant in this suit that the pretense of a contract between Josiah Kinyon and complainant for the purchase of the land by the latter in 1870 was baseless; that there was no purchase and no payment of consideration, and that the deed executed in 1875 had for its purpose to put the land beyond the reach of defendant in case he should recover judgment. This theory is supported by evidence which seems to show very clearly that after allowing his exemptions, Josiah Kinyon without this land would have neither real nor personal property from which defendant's judgment could be collected.

There never was any written contract by Josiah Kinyon to deed this land to complainant; and this suit is therefore in effect a suit to compel the specific performance of a parol contract for the conveyance of lands. Defendant after obtaining his judgment caused the land to be sold on execution, and bid it in himself, so that the legal title subject to complainant's equities is now in him. It is subject to those equities, if any exist, because it appears beyond question that defendant was informed of the mistake in the deed before he made his purchase, and he is, therefore, not a *bona fide* purchaser as against complainant. The question in the case, therefore, is this: whether complainant has proved such equities as entitle him to enforce the parol contract as against the owner of the legal title.

To make out his case complainant must show (1) a contract, the terms of which are clear and complete, so that no reasonable doubt can exist respecting the enforcement of it accord-

ing to the understanding of the parties, if enforcement shall seem to be equitable; (2) such acts of part performance as according to equitable principles will justify its enforcement notwithstanding the failure to comply with the statute of frauds in making it; (3) the payment of the purchase price.

It is claimed on the part of the defense that none of these things are shown, and that the case fails at every point. And it must be conceded that at no point is the showing as distinct, positive and unquestionable as would be desirable.

As regards the contract between Josiah Kinyon and complainant, the evidence almost exclusively comes from them. It appears to have been communicated to some of the neighbors, but not to the grantor's wife, who was complainant's step-mother. The parties to the contract agree in saying that complainant was to work four years for the land, and to give his father a cow he then had, which was worth $55. They also agree that he was to give another cow, then owned by him as a calf, and $15 in money; but the testimony of both shows that the two items last mentioned were not embraced in the original understanding as constituent terms of the contract; for they agree that the $15 was paid for lost time, so that, though it was part of what was paid for the land, it was paid only as a substitute for labor not done. The manner in which the witnesses confuse what was paid with what it was agreed should be paid must be accounted for by their ignorance, which is apparent all through their testimony, but there is an air of candor in what they say, and the severe cross-examination to which they were subjected did not remove this appearance of truthfulness. We accept their statements as substantially correct, and are convinced that complainant bought the land as they testify, paying one cow at a time, and the other when his father saw fit to take it. The only vagueness about the arrangement concerned this second cow, but that was an insignificant part of the consideration, and whatever was left vague concerning it, if anything, was made certain when the father received it.

The acts of part performance have consisted in taking possession of the land, making improvements and spending

money upon it. But these acts have not been of a nature as conclusive as could be desired. Complainant, being still unmarried, has continued to reside with his father, and both having very limited means, the improvements have not been extensive or specially noticeable to others. Moreover living thus together the parties have worked together considerably; complainant says, because they found it convenient to accommodate each other by an exchange of services; defendant says because Josiah Kinyon in fact considered himself the owner of all the land. But we are inclined to think the separate possession of complainant was as distinct as could have been expected; the son living with the father as he did, the two supporting themselves by hard labor, practicing strict economy, and making improvements only as their meagre crops after supporting themselves from them, would furnish the means. We assent, therefore, to the conclusion of the circuit court, that there have not only been acts of part performance, but that the contract has been completely performed except so far as the mistake in the deed of conveyance has hindered. The consideration has been fully paid, and nothing remains to be done to make out the case for complainant.

In this view of the facts it does not become necessary to determine whether a desire to defeat defendant in the enforcement of his demand had anything to do with Josiah Kinyon's action. No direct evidence to that effect was given, and some circumstances point in another direction. As the litigation stood at the time the deed was made to complainant, Kinyon was successful, and we do not know that he anticipated any different result in the circuit court. Moreover after judgment against him had been recovered he made a proposition for a settlement, which the evidence in the case shows would have secured to defendant full payment had he accepted it. But as the equities of complainant antedate those of defendant, this branch of the case is unimportant.

The decree must be affirmed with costs.

The other Justices concurred.