## WILLIAM N. BARTLETT v. EDWARD BARTLETT.

*Statute of frauds—Parol agreement for sale of lands—Part performance—Summary proceedings.*

In summary proceedings to recover the possession of lands, instituted by the holder of the legal title, the defendant cannot set up as a defense a verbal agreement made by him with the owner for the purchase of the land, coupled with evidence of part performance on his part, his remedy, if he has any, being in equity.

Error to Jackson. (Peck, J.) Argued October 24, 1894. Decided December 22, 1894.

Summary proceedings to recover the possession of land. Defendant brings error. Affirmed. The facts are stated in the opinion.

*L. B. Tompkins* (*Herbert E. Winsor,* of counsel), for appellant.

*Barkworth & Blair,* for complainant.

LONG, J.     This action was commenced before a circuit
court commissioner, under the provisions of How. Stat. §
8295, relative to summary proceedings for the recovery of
lands.     The trial resulted in favor of complainant.     The
cause was appealed to the circuit, and, after a full hear-
ing, that court directed a verdict in favor of complainant.

The defense to the action was that, prior to the year
1881, the complainant owned the land in controversy.     It
consisted of a farm of 215 acres.     The defendant, who is
the son of the complainant, claims that during that year
he was living with his father upon the farm, and at that time
announced his intention of leaving and going west, when his
father made the following arrangement with him; That he
(the defendant) was to take the whole of the farm and
work it, to have charge of and occupy the same, improve
and fix it up, clear off certain land which was not cleared,
keep the stone drawn off, and furnish the complainant
and his wife a home and a comfortable support on the
farm; that the expense of running the farm was to be
first paid off the farm before anything else; that the
families of both were to have their living and support and
such reasonable amount of money as was necessary for
their personal expenses out of the proceeds of the farm;
that the debts were then to be paid, consisting of a mort-
gage of $2,500, then on the north 96 acres; that, when
such debts were paid, complainant was to execute to de-
fendant a good and sufficient deed of the north 96 acres
of the farm, and that the defendant was to have the pos-
session of said farm until such debts were fully paid; that
this indebtedness was in the year 1883, by mutual consent,
increased $1,000, to raise money to build a barn; that the
barn was built, but not upon the 96 acres, at a cost of
$1,250.     The defendant went into possession of the farm
under his claimed agreement; and he claims to have carried
out, so far as he could, the terms of it, when, on Decem-

ber 30, 1892, the complainant served him with a three months' written notice to quit. Claiming rights under this contract in the premises, he refused to surrender possession; and on September 1, 1893, this proceeding was commenced.

The court below, in directing the verdict in favor of complainant, stated that this agreement, as claimed by defendant, was too indefinite and uncertain to be enforced. This was the point upon which the case was ruled below, and the brief of counsel for defendant is devoted almost entirely to that subject. We think that question has no bearing upon the rights of the parties, as such contract cannot be set up as a defense to this action. The complainant, on December 30, 1892, gave the defendant a three months' written notice to quit, and, in the following September, commenced this proceeding. The legal title is in complainant. He has never made any agreement in writing to convey. The whole defense rests upon the oral contract set forth. It is claimed that the possession of the premises by the defendant under it, and its part performance by him, may be shown in this action as a complete defense. We think not. How. Stat. § 6181, provides:

"Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized by writing."

But it is further provided in section 6183 that—

"Nothing in this chapter contained shall be construed to abridge the powers of the court of chancery to compel the specific performance of agreements in cases of part performance of such agreements."

By the terms of this statute, all contracts for the sale of lands or any interest in lands are void unless in writing, and signed by the party by whom the sale is to be made,

or by some person thereunto by him lawfully authorized in writing. In an action at law, an oral contract for such sale cannot be set up either as a ground of action or as a defense. In a note to *Dwight v. Cutler*, 3 Mich. 566, it is said:

"This language renders the oral contract as unavailable as a ground of defense as it is as a ground of action."

It is only by virtue of section 6183 that courts of chancery have compelled specific performance of such oral contracts; and it is held that even in a court of chancery, to authorize a decree for specific performance of a parol contract to convey, etc., there must be (1) a contract, the terms of which are so clear and complete as to allow of no reasonable doubt respecting the enforcement of it according to the understanding of the parties; (2) such acts of part performance as, according to equitable principles, will justify its employment; (3) payment of purchase price. *Kinyon v. Young*, 44 Mich. 339. Though it is held that, where possession of the land has been given and taken in pursuance of a verbal agreement, the part performance is sufficient to authorize a specific performance (*Davis v. Strobridge*, 44 Mich. 157), and it has been repeatedly held that giving and taking possession in pursuance of a verbal contract of sale, and making valuable improvements in reliance thereon, will constitute part performance and an equitable ground for specific performance (*Lamb v. Hinman*, 46 Mich. 112), yet all these cases where specific performance has been sought have arisen in equity, and no case can be found under such a statute as ours where it has been held that in an action at law such oral agreement can be set up as a defense against the legal title to defeat recovery of possession. We need not decide in this case what interpretation would be given to the oral contract, or the right of defendant to have it specific-

·ally enforced, if, in the proper forum, enforcement should be sought. All we hold is that in this action it cannot .be set up as a defense.

Judgment is affirmed.

The other Justices concurred.