## McDONNELL *v.* RIGNEY.

Principal and Agent—Contracts—Public Policy.

An agreement for the sale of real estate on commission, whereby the agent is to make a colorable purchase of certain lots for the purpose of inducing others to buy, he concealing from them his real interest in the transaction, is void as against public policy.

Error to Houghton; Hubbell, J. Submitted January 8, 1896. Decided February 7, 1896.

*Assumpsit* by Simon McDonnell against John J. Rigney to recover commissions on the sale of real estate. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Dunstan & Hanchette,* for appellant.

*Chadbourne & Rees,* for appellee.

LONG, C. J. The court charged the jury in this case as follows:

"It appears from the testimony in the case given by the plaintiff himself that he made an arrangement or an agreement with the defendant whereby he was to be paid a commission for the sale of certain real estate which the defendant was offering for sale; that, pursuant to the agreement so made, he was to subscribe for certain lots at meetings of persons solicited to become buyers, and that the defendant was to take off his hands such subscriptions as he made, if he did not wish to retain them. It appears further that this arrangement, both with respect to the compensation he was to receive, and with respect to his colorable subscriptions for lots, was concealed from the buyers, or those who proposed to be buyers, and that he attended meetings of proposed buyers, and talked with persons thought likely to become buyers, with a view to induce them to become such, concealing from them both of said arrangements with the defendant. Such an arrangement is contrary to the policy of the law and to sound morals, in that it tends to deceive persons so dealt with, by inducing them to rely upon advice which they supposed to be disinterested, but which was in fact interested advice. The law will not permit him to recover the compensation agreed upon for the fulfillment of such a contract, and your verdict must therefore be for the defendant."

Plaintiff brings error.

The plaintiff's own testimony, given in the record, shows the facts as stated in this charge. We think the court was warranted in directing verdict in favor of the

defendant, upon the plaintiff's own showing. The courts will enforce no contracts grounded in turpitude, or opposed to upright and fair dealing, which are opposed to public policy. This rule is followed in *Thomas* v. *Caulkett,* 57 Mich. 392; *Humphrey* v. *Transportation Co.,* 107 Mich. 163. The question is so fully covered by these cases that any further discussion of the principle is unnecessary.

The judgment must be affirmed.

The other Justices concurred.