## MORAN *v.* L'ETOURNEAU.

1. EQUITY—RES JUDICATA.

A decree dismissing, after a hearing on the merits, a bill to set aside for fraud a written agreement as to the compensation to be allowed by complainant to defendant as her attorney, is conclusive of the validity of the agreement, when attacked upon the same ground in a subsequent proceeding.

2. ATTORNEY AND CLIENT—AGREEMENT FOR COMPENSATION.

An attorney's undertaking to "secure" for his client her rights in a decedent's estate, in consideration of a stipulated interest in the property so secured, is fulfilled, so as to entitle him to the agreed compensation, where he performs all ser-

vices necessary to the establishment of. his client's rights, although the estate acquired vests in the client by operation of law.

Appeal from Wayne; Hosmer, J.    Submitted June 14, 1898.    Decided September 20, 1898.

Bill by Charles G. Moran against Annie L'Etourneau to enforce an equitable interest in real estate. From a decree dismissing the bill, complainant appeals. Reversed.

*Barbour & Rexford* (*W. F. & W. D. Atkinson*, of counsel), for complainant.

*Jasper C. Gates*, for defendant.

MONTGOMERY, J.    This suit involves the title of 5-81 of lots 21 and 22 of block 5 of the Cass farm, in the city of Detroit.    August 26, 1860, Francis L'Etourneau died testate.    These lots were part of his estate.    In 1891 his will was construed by this court, and it was settled that the estate of Sarah L'Etourneau was entitled to 5-9 of the property.    *L'Etourneau* v. *Henquenet*, 89 Mich. 428 (28 Am. St. Rep. 310).    The daughter of defendant, Margaret L'Etourneau, claimed to be entitled to 3-54 of the estate as heir to her father.    The decree of the circuit court recognized this right, but by the terms of the decree in this court she was excluded from so taking.    James J. Atkinson appears to have represented the interests of Margaret under an employment by defendant.    At first the terms were oral and somewhat indefinite, but afterwards, on July 30, 1891, they were reduced to writing. The agreement reads as follows:

"This agreement, made and entered into between Mrs. Annie L'Etourneau, of the first part, and James J. Atkinson, of the second part, witnesseth: Said party of the second part has for some time past been engaged in securing for said party of the first part, as her attorney, her rights and interests in the estate, both real and personal,

of Francis L'Etourneau, Clothilde L'Etourneau, Eleanor L'Etourneau, Timothy L'Etourneau, Sarah L'Etourneau, and Emily Hennaguennet, deceased, all formerly residents of Michigan, and all relatives by marriage of said party of the first part; said property being all her interest in any and all property coming to her daughter from the estate of Francis L'Etourneau directly or by inheritance from his heirs, a more particular description of which is to be found in deeds to the said party of the first part from her said daughter (Margaret L'Etourneau), acknowledged in Paris, France, on June 9, 1889, and September 23, 1890. He is to continue and secure for said party of the first part all he can out of each of said estates and property, and with all possible speed, and is to pay all counsel fees and all expenses connected therewith. In consideration of the same, the said party of the first part agrees that of said property, real or personal, so secured, the said party of the second part shall receive, as his compensation, a one-third, the balance, two-thirds, to be the property of the said party of the first part, and to be delivered to her at the close of said proceedings."

In addition to the appearance in *L'Etourneau* v. *Henquenet*, Mr. Atkinson or his associates appeared in probate court, and attended at the time of the appointment of an administrator upon the estate of Sarah L'Etourneau. No other substantial service was rendered. The defendant, as appears recited in the agreement above set out, and as also appears by other testimony, acquired by deed the interest of Margaret. The present complainant claims under a deed from James J. Atkinson of a 5-81 part.

Before the conveyance to complainant, the defendant filed a bill of complaint against Atkinson in the circuit court for the county of Wayne, in chancery, alleging that the instrument above recited was obtained by fraud, and praying, among other things, that it be declared void. The case was heard before Judge Carpenter, and a decree entered dismissing the bill. It also appears from the opinion of Judge Carpenter that there was no misrepresentation by Atkinson as to the nature of the service required to establish her right to the estate. This decree

must be treated as conclusive of the validity of the agreement. *Detroit, etc., R. Co.* v. *McCammon*, 108 Mich. 368. The only question open on this record is whether Atkinson rendered the services entitling him to claim the interest in this estate covered by the agreement. It is earnestly insisted that the estate of Margaret vested in her by operation of law, and it was not " secured " for her or the defendant by Atkinson. We think this construction of the word "secure" too technical. The services which Atkinson had already performed were recited, and their nature cannot have been misunderstood. Such services as were necessary to the establishment of the rights of the defendant, Atkinson rendered or stood ready to render.

The complainant is entitled to the relief prayed. The decree will be reversed, and decree entered for complainant, with costs of both courts.

The other Justices concurred.