HAFELI BROTHERS CORP. *v.* BON.

1. Landlord and Tenant—Construction of Contracts—Options.
   Instruments, reciting plaintiff's receipt for rent paid by defend-
   ant and that latter might buy the premises at a stated price,
   even when construed most favorably to defendant on his
   appeal from judgment of ouster in summary proceedings, *held*,
   to constitute no more than a lease with an option to purchase,
   and, due notice to vacate having been given, defendant's right
   to possession expired upon termination of the lease, leaving
   rights under option, if any, enforceable in equity.

2. Forcible Entry and Detainer—Equitable Defenses.
   Circuit court commissioners have no equitable jurisdiction nor
   are equitable defenses admissible in summary proceedings.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted October 16, 1935. (Docket No. 97, Calen-
dar No. 38,202.) Decided December 10, 1935.

Summary proceedings before a circuit court com-
missioner by Hafeli Brothers Corporation, a Mich-
igan corporation, against Mr. Bon, *alias* John Doe,
to recover possession of land. Judgment for plain-
tiff. Defendant appealed to circuit court. Judg-
ment for plaintiff. Defendant appeals. Affirmed.

*Guy L. Frost,* for plaintiff.

*Anthony Nelson,* for defendant.

Fead, J. This is review of judgment for plaintiff
for recovery of possession of premises in summary
proceedings, begun before a circuit court commis-

sioner, appealed to circuit court and tried before the court without a jury.

In May, 1933, the parties had negotiations for sale and purchase of the premises. Defendants paid $60 to plaintiff's secretary, who executed to him a nondescript instrument which begins as a receipt of the money for rent of the premises from May 25th to July 25th, then shifts to a sort of option to defendant to buy the premises for $4,500, defendant to advise plaintiff of his intention to buy or not to buy by June 25th, provides for adjustment of taxes, interest, and credit for the rent paid in case defendant purchases, and concludes:

"This instrument is just a rent receipt, and the notes added hereto are done so merely as an expression of what Mr. Bon may want to do."

July 26, 1933, defendant paid plaintiff $210 more and took a receipt for seven months' rent for the period ending February 25, 1934, in which receipt it was agreed that if defendant should purchase the property the previous and present rent payments should apply on the purchase price.

Some time later, plaintiff sold the premises elsewhere but the terms of sale are not in evidence.

On January 24, 1934, plaintiff served on defendant notice to terminate the tenancy. Defendant claims that he was ready and willing to make the purchase, offered to pay the difference between the purchase price and an outstanding mortgage, demanded a statement from plaintiff of the amount and was not able to obtain one. He made no actual tender of money. The action to recover possession was commenced February 28, 1934.

Construed most favorably to defendant, the instruments constituted no more than a lease to Feb-

ruary 25th, with an option to purchase. Defendant's right to possession ceased when the lease expired. If he had any rights under the option, his remedy therefor was in equity. Circuit court commissioners have no equitable jurisdiction nor are equitable defenses admissible in summary proceedings. *Armstrong* v. *Grimm,* 268 Mich. 437.

Affirmed, with costs.

POTTER, C. J., and TOY, NORTH, WIEST, BUTZEL, BUSHNELL and EDWARD M. SHARPE, JJ., concurred.