## LARKINS *v*. COHEN.

1. Forcible Entry and Detainer—Landlord and Tenant—Unexecuted Surrender—Fraud—Third Parties.

Fact that purpose of agreement between landlord and tenant to surrender lease was to defeat rights of third parties in leasehold interest *held*, not to prevent determination of rights between parties to lease in summary proceeding where surrender agreement was never fully executed.

2. Judgment—Equity—Res Judicata—Landlord and Tenant—Surrender.

Dismissal of bill by tenant and cross-bill by landlord praying determination of respective rights under lease and surrender agreement on ground that by latter instrument parties thereto, in attempting to perpetrate a fraud upon parties interested in leasehold estate placed themselves in a position from which equity would not afford relief to either, *held*, not an adjudication of rights barring remedies at law.

Sharpe, Potter, and Chandler, JJ., dissenting.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 19, 1937. (Docket No. 111, Calendar No. 39,328.) Decided April 29, 1937.

Summary proceeding by Thomas Larkins and others to recover possession of land from Philip Cohen and wife. From dismissal of complaint by circuit court commissioner, plaintiffs appealed to circuit court. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Richard I. Lawson* and *Walter R. McLean* (*William B. Giles,* of counsel), for plaintiffs.

*Joseph B. Beckenstein,* for defendants.

Wiest, J. The fraudulent purpose accomplished nothing. It was intended to defeat rights of third parties. It cannot be employed as between the parties to the fraud. The corporation was not formed.

As between these parties, if the old lease is still effective, rights thereunder can be tried out in the summary proceeding.

Dismissal of the bill and the answer in the nature of a cross-bill was no adjudication of rights and left the parties to their remedies at law.

The judgment is reversed, with costs to plaintiff, and the case remanded for further proceedings.

Fead, C. J., and North and Butzel, JJ., concurred with Wiest, J.

Chandler, J. (*dissenting*). This is a summary proceeding to recover possession of land. From a judgment in favor of defendants, the plaintiffs appeal.

On July 9, 1931, by instrument in writing, the plaintiffs leased the premises in question to the defendant, Philip Cohen, for a period commencing August 1, 1931, and ending July 1, 1941. The land was to be used for a market place, the lease providing that the lessee should erect buildings thereon for this purpose.

Accordingly, on or about July 10, 1931, Philip Cohen entered into a contract with the Adler Construction Company whereby the latter agreed to construct the necessary buildings, the cost thereof to be paid by Philip Cohen in instalments. The initial payment was made with funds borrowed from the lessee's wife, Minnie Cohen, and collections of rent in advance from subtenants. Cohen then executed an assignment of his interest in the lease to the construction company as security for the balance of the instalments to become due under the contract.

In the fall of 1931, Samuel Karabenick, a brother of Philip Cohen, despite the dissimilarity of names, who had been active in the operation of the market, claimed that he had an interest in the lease and proposed to commence proceedings to establish his interest. It also appears that at this time Philip Cohen found it impossible to meet the payments on the contract with the construction company as they became due. To escape his difficulties, he, together with the defendant, Minnie Cohen, conceived the scheme that if they could arrange a surrender of the lease with the Larkinses, it would then appear that Philip Cohen no longer held an interest in the premises and that the construction company, finding that they had lost their security, would settle for a less sum than was due. They also intended by this method to dispose of the claims of Samuel Karabenick, whatever they might be.

The Larkinses approved of the proposed scheme and as a result thereof an oral agreement was made whereby the lease was surrendered. The agreement also contemplated the organization of a corporation, the capital stock therein to be divided equally between the Larkinses and Minnie Cohen. She was to have the use and occupancy of one of the stalls in the market place free of rent until 1941, and any other stalls which were not leased to tenants. In accordance therewith Minnie Cohen took possession. Philip Cohen was to be employed as manager by the corporation on a salary basis.

The plan proved unworkable and disagreement soon developed between the parties. The corporation was never formed as contemplated. Finally, in October, 1935, the Larkinses, plaintiffs herein, served on the Cohens, defendants herein, a notice to quit and to terminate tenancy, thus instituting these proceed-

ings. Thereupon, Minnie Cohen immediately filed a bill in equity, naming the Larkinses as defendants, praying, in part, that the court determine that she was entitled to possession, rent free, of the stall she was then occupying until 1941 and that an injunction issue restraining the Larkinses from commencing any proceedings to interfere with her possession. The Larkinses filed an answer and cross-bill in which they asked, in addition to other relief, that a writ of restitution issue commanding Minnie Cohen, the plaintiff therein, to surrender possession of the premises.

Philip Cohen had also instituted a suit at law against Joseph Larkins to recover his salary. By stipulation the two cases, the law case of Philip Cohen and the chancery case of Minnie Cohen were heard and considered together.

The court in the equity case found Minnie Cohen to be in possession of three stalls in the market place but refused, however, to grant any relief to either party on the ground that they had placed themselves in their position by an agreement to defraud the Adler Construction Company and Samuel Karabenick, and that in such instances a court of equity would not interfere to alter the status of the parties.

Thereupon the Larkinses filed their complaint in this summary proceeding based upon the notice to quit served in October, 1935, *supra*. By stipulation the files and records in the chancery case of Minnie Cohen were introduced into evidence. The trial court entered judgment for the defendants. We quote in part the opinion of the court:

"But, where, as in the chancery suit herein involved, a motion to dismiss the bill was made, heard and denied, the cause assigned for trial on the merits and a decree entered dismissing both the bill and the

cross-bill, such decree must be held to be based upon the facts disclosed by the record, and the findings of the court, upon which such decree is entered, are *res judicata* and may be interposed in any proceeding wherein the same parties and their privies are interested, involving the same transaction."

From a reading of the foregoing excerpt from the opinion of the trial judge, his theory of the case appears to be that the *facts* and *circumstances* surrounding the acquisition of possession of the premises by Minnie Cohen once having been litigated and determined, could not again be adjudicated in a subsequent proceeding. We concur in this opinion. The general principles of the doctrine of *res judicata* are discussed in the early case of *Wales* v. *Lyon,* 2 Mich. 276. It is there said:

"It is a well-settled general principle, that the judgment of a court of competent jurisdiction directly upon the point is, as a plea, a bar, or as evidence, conclusive, between the same parties or their privies, upon the same matter directly in question in another court, and that no matter once litigated and determined, by proper authority, shall a second time be brought in controversy between the same parties or their privies."

In the instant case no attempt was made to introduce evidence tending to prove that the facts were otherwise than had been found in the equity case previously adjudicated. On the contrary it was stipulated herein that the plaintiffs were the owners in fee of the premises in question; that the defendant (singular) was in possession without written authority from the plaintiffs; and that the files and records in the chancery case should be admitted in evidence.

The facts herein involved having been conceded to be the same as in the preceding equity case, we are

confronted with the question as to whether such facts operate to bar the plaintiffs from relief in law as well as in equity. The trial court answered this question in the affirmative, and we are in accord therewith.

The defendant Minnie Cohen acquired possession of the stalls in the market in question by virtue of an agreement, the purpose of which was to perpetrate a fraud on Samuel Karabenick and the Adler Construction Company. The agreement was contrary to good conscience and shocks one's sense of fair dealing. Under such circumstance a court of equity will not extend its hand to grant aid to either party but will leave them in the position they have placed themselves by their own fraudulent conduct. This should be the rule in law as well as in equity. See *McDonnell* v. *Rigney,* 108 Mich. 276; *Kremer* v. *Smith,* 227 Mich. 451; *Leland* v. *Ford,* 245 Mich. 599.

In addition to the foregoing, we are of the further opinion that the *decree* in the equity case operated as a bar and was *res judicata* of this subsequent summary proceeding to recover possession. In the former litigation the issue as to the right to possession was heard and adjudicated by the court. This issue once having been adjudicated by a court of competent jurisdiction could not again be re-litigated in a subsequent proceeding before the same or any other tribunal. *Wales* v. *Lyon, supra; Jacobson* v. *Miller,* 41 Mich. 90; *Skinner* v. *Argentine Township Board,* 238 Mich. 533.

Appellants contend that because the equity court applied the equitable maxim of "He who comes into a court of equity must come with clean hands," and dismissed both the plaintiffs' bill and defendants' cross-bill therein, the decree was one of inaction, and that there was, therefore, no adjudication to bar,

now, the plaintiffs from relief. We are unable to agree with this contention. If the decree was an adjudication on the merits the plaintiffs are nevertheless barred even though the former decree took the form of an unqualified dismissal of the bill. *Adams v. Cameron,* 40 Mich. 506; *Edgar v. Buck,* 65 Mich. 356; *Moran v. L'Etourneau,* 118 Mich. 159; *Schulmeister v. Township of Blendon,* 126 Mich. 488. The question here presented was adjudicated by the chancery court, after proofs taken, and the adjudication was on the merits. *Edgar v. Buck, supra.* The decree entered was absolute in form and not a dismissal "without prejudice" or similar words of qualification. Such a dismissal must be presumed to have been upon the merits. *Dalton v. Mertz,* 197 Mich. 390.

Judgment should be affirmed, with costs to appellees.

SHARPE and POTTER, JJ., concurred with CHANDLER, J.

BUSHNELL, J., did not sit.