COHEN v. OUTLET MARKET COMPANY.

1. COURT COMMISSIONERS—JURISDICTION—SETTING ASIDE WRITTEN AGREEMENTS—EQUITY.

A circuit court commissioner does not have jurisdiction to set aside a written surrender of a lease, claimed to have been fraudulently executed, as such action may be taken only by a court of equity.

2. LANDLORD AND TENANT—SURRENDER OF LEASE.

A written surrender of a lease remains effective unless set aside in appropriate proceedings.

3. JUDGMENT—RES JUDICATA—PARTIES.

Judgments in previous possessory proceedings as to market premises involved in instant summary proceedings were not *res judicata* except as to portion occupied by plaintiff herein where defendant herein was not a party to other proceeding.

4. SAME—CIRCUIT COURT COMMISSIONER—JURISDICTION.

An adjudication by a circuit court commissioner in a summary proceeding for the possession of land made in the exercise of a power not within his jurisdiction is void and not binding as a formal adjudication.

5. FORCIBLE ENTRY AND DETAINER—SURRENDER OF LEASE—PARTIES.

Occupant of three stalls of market building, who had been lessee of entire premises, was not entitled to possession of entire premises where he had executed a written surrender thereof that had not been set aside by a court of competent jurisdiction and defendant, the present occupant of other stalls, had not been a party to previous proceedings.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 3, 1945. (Docket No. 8, Calendar No. 42,623.) Decided May 14, 1945.

Validity of judgment dependent on competency of court rendering same, see Restatement, Judgments, § 7.

Summary proceedings by Philip Cohen against Outlet Market Company and others to gain possession of real estate. Judgment of circuit court commissioner for defendant. Plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Elmer H. Groefsema,* for plaintiff.

*Arthur J. Hass,* for defendant.

BUTZEL, J. Many of the facts referred to herein are set forth in *Larkins v. Cohen,* 279 Mich. 499, the record of which was introduced and freely referred to in the present case. Members of the Larkins family, hereinafter for brevity called Larkins, as owners of a large parcel of land in Detroit entered into a written lease with Philip Cohen, plaintiff herein, on July 9, 1931. The latter agreed to build, at his own expense, a market of 100 stalls on a space of approximately 17,350 square feet. The lease was for a term of 10 years and expired on July 1, 1941. Had the lessee fully carried out the terms of the lease, at the end of the term he could have removed the building and left the lot leveled off. The present case was instituted by plaintiff before a circuit court commissioner the latter part of 1937 for the purpose of repossessing the entire leasehold property. He appealed from an adverse decision to the circuit court where he was again unsuccessful. Judgment for defendant was rendered in the circuit court in 1941. The case was heard by us at the April term, 1945. What caused the delay, the record fails to show.

Ordinarily the main issue, the possession of the property, would be moot, for had the lease not been previously terminated, it would have expired by its

own limitation almost four years ago. However, the rights sought to be adjudicated herein are those that existed in December, 1937.

In order to finance the construction of a market building in 1931, Cohen obtained from prospective tenants advance rentals in excess of the amount he paid on account to the construction company. Cohen assigned the Larkins' lease to the construction company as security for payments to become due. He was unable to meet these payments. The market itself was unsuccessful. The depression years were on. The market structure was not protected from the cold and during a large part of the year was not tenantable. The returns from the stalls were insufficient to pay the rent due on the lease. Cohen was also fearful of his brother's claim to an interest in the lease. Larkins brought summary proceedings for repossession against Cohen before a circuit court commissioner. This was a forerunner of litigation which has been before six different circuit court commissioners and almost as many circuit judges and is in this court on its merits for the second time, and as the circuit judge found, it seemed to be endless.

Shortly after this first case for repossession was begun by Larkins, Cohen, in order to rid himself of the assignment of the lease to the construction company and also of the claim of his brother, surrendered the lease to Larkins and the case for repossession was voluntarily discontinued. This, however, did not release all claims of the construction company. Larkins accepted the surrender and thus enabled Cohen to carry out his schemes. Cohen's wife then entered into some negotiations with Larkins to form a corporation, it being understood that she would invest $3,000 and Larkins $4,000, or thereabouts, in order to make a settlement with the con-

struction company. She, however, was able to raise only $2,000, and Larkins furnished the balance to pay $6,500 in settlement. Larkins gave a note for $2,000 to Mrs. Cohen. Larkins claims that this was fully paid to her, partly in cash and the balance in rental due for three stalls in the market which she and her husband retained. The corporation was never formed nor were the terms agreed upon. Whether she or her husband or both of them are the real parties in interest, we are unable to say from the record before us. For a time Cohen, as agent, collected the rents from all the other stalls and turned them over to Larkins, but later Larkins discontinued the use of his services. The record shows that Larkins offered to restore the lease of the premises to Cohen after its surrender, but the latter refused the offer. New proceedings were then brought before a circuit court commissioner by Larkins to recover possession of the stalls or spaces occupied by the Cohens, and thereupon Mrs. Cohen brought a chancery suit in the circuit court to restrain this action. This was heard with another suit brought by Cohen for salary on an alleged contract to collect the rents. Cross bill was filed by Larkins for restitution. These suits were joined and, after a hearing, were dismissed on the ground that the conduct of the parties had been such as not to entitle them to equitable relief.

Larkins then proceeded with a suit based upon the previous notice to quit against the Cohens to recover possession of the stalls occupied by the Cohens. The circuit court commissioner held that the question was *res judicata* because of the chancery suit, whereupon Larkins appealed to the circuit court which also held that the question was *res judicata*. Thereupon Larkins appealed to this court. In the majority opinion of a divided court, it

was held that the previous dismissal of the bill and the answer in the nature of a cross bill was no adjudication of rights and left the parties to their remedies at law. It was further held that:

"As between these parties, *if* the old lease is still effective, rights thereunder can be tried out in the summary proceeding." *Larkins* v. *Cohen,* 279 Mich. 499.

A careful reading of the record in that case discloses that at no time did it appear, as it does in the later case, that there was a formal written surrender of the lease by Cohen to Larkins, and that it was duly witnessed before a notary and delivered. The opinion signed by three members speaks of an "oral" surrender of the lease. Had it been brought to the attention of this court that there was more than an oral conversation or agreement to surrender the lease, we would have stated that it was beyond the jurisdiction of the circuit court commissioner to set aside a written agreement, claimed to have been fraudulently executed. It could only be set aside by a court of equity. It remains effective unless it is set aside in appropriate proceedings.

While the former case (*Larkins* v. *Cohen, supra*) was pending in this court, some of the tenants of the market formed the Outlet Market Company, the defendant and appellee in the instant case. This new corporation leased the premises from Larkins. The testimony shows that approximately $10,000 was expended for the purpose of erecting walls around the market building and installing a boiler therein, et cetera.

After the case was remanded by this court for further proceedings, it was heard by another circuit court commissioner. Although the notice to quit on which the claim for repossession was based

only demanded the possession of the stalls occupied by the Cohens, the latter claimed on appeal that they were entitled to the entire premises, contending that there was a partial eviction when Larkins took possession of all but the three stalls retained by the Cohens. The circuit court commissioner held that the Cohens, subsequent to the surrender of the lease and at the time of the hearing, claimed no rights to the balance of the market premises not actually occupied by them and that they had at no time objected to, but on the contrary had acquiesced in, the improvements on the market premises and possession by the lessees of the balance thereof. A judgment for restitution was rendered in favor of Larkins, conditioned on Cohen's failure to pay rent for the entire premises. The circuit court commissioner, however, assuming, because of our opinion, that he could declare the surrender invalid, also found that Cohen owed Larkins rental amounting to $8,000 for the entire premises. Larkins took no appeal. The Cohens filed a petition for writ of certiorari. When it came to a question of the amount of the bond, the attorney for the Cohens insisted that there were only three stalls involved and that $500 was sufficient to recover the damages through the withholding of possession. The case was heard in the circuit court and the judgment of the circuit court commissioner was upheld, but there was a finding that the amount of the rent due was only $3,000 instead of $8,000. Larkins, evidently content with the fact that only three of the stalls were involved in the proceedings, as evidenced by the notice to quit, took no appeal. The Cohens deposited $3,000 with the clerk of the circuit court and assigned an interest in the lease to an additional party whose rights we need not discuss in setting forth the litigation that has already become so much involved.

Philip Cohen then began this new and latest proceeding for possession of the entire premises against the Outlet Market Company before a circuit court commissioner. The circuit court commissioner rendered a judgment in favor of Outlet Market Company. On appeal the case was heard without a jury by the Honorable Joseph A. Moynihan, circuit judge, who found that the Cohens did surrender and that Larkins did cancel the lease; that in the former case for repossession of the premises the circuit court commissioner had no jurisdiction to set aside the surrender of the lease; that the former proceedings were merely possessory; that only a court of equity could determine whether or not the lease had been surrendered and cancelled; and that so long as there was written evidence of its surrender, not having been set aside by a court having jurisdiction, Larkins still had the right to possession of the premises.

Many questions are raised on appeal. The proceedings, prior to the instant one, are not *res judicata* except possibly with the exception of the three stalls therein involved. While it may be claimed that the Outlet Market Company's rights are no greater than those of Larkins, as the company's lease distinctly referred to the then pending litigation, nevertheless in the former proceedings the Outlet Market Company was not a defendant. Even, however, assuming that this was not necessary to make it a defendant, the question in the former suit was a proceeding *in rem* for the purpose of repossessing the stalls held by Cohen and not the others. The circuit court commissioner had no jurisdiction to set aside the surrender of the lease. We have frequently held that an adjudication in a summary proceeding for the possession of land made in the exercise of the power not within the jurisdiction of the circuit court commissioner is

void and is not binding as a formal adjudication. *Bartlett* v. *Bartlett,* 103 Mich. 293; *Gale* v. *Eckhart,* 107 Mich. 465; *Cottrell* v. *Moran,* 138 Mich. 410. Also, see *People's Mortgage Corp.* v. *Wilton,* 234 Mich. 252; *Armstrong* v. *Grimm,* 268 Mich. 437; *Hafeli Bros. Corp.* v. *Bon,* 273 Mich. 525; *Mortgage & Contract Co.* v. *Kupalian,* 249 Mich. 577.

Many other questions are raised in this appeal but what we have said is determinative of the entire issue as far as possession is concerned.

The judgment of the circuit court in favor of defendant is affirmed, with costs against plaintiff.

STARR, C. J., and NORTH, WIEST, SHARPE, BOYLES, and REID, JJ., concurred with BUTZEL, J. BUSHNELL, J., did not sit.