KOWATCH *v.* DARNELL.

1. REFORMATION OF INSTRUMENTS—SEVERAL PURCHASERS FROM COMMON OWNER.

It was not essential in suit between purchasers for reformation of deeds by State highway commissioner of excess State land in parcel adjoining city lots, owned by plaintiff and defendant neighbor purchasers thereof, that there have been a binding agreement as to land to be purchased entered into between the purchasers, where each took with notice of what the others intended to buy and thought they were buying, which, in turn, coincided with what the seller intended to sell to each.

REFERENCES FOR POINTS IN HEADNOTES

[2] 45 Am Jur, Reformation of Instruments § 38.
[3] 55 Am Jur, Vendor and Purchaser § 757.
[5] 45 Am Jur, Reformation of Instruments §§ 123, 124.

2. SAME—MISTAKE OF COMMON GRANTOR—SUCCESSION.

Plaintiffs succeeded to the right of their grantor to have reformation of deed of land to defendants where both plaintiffs and defendants purchased land from the grantor simultaneously and he made a mistake in the descriptions which resulted in the conveyance of more land to the defendants than they had agreed to take and such conveyance resulted in a corresponding diminution of the parcel conveyed to plaintiffs.

3. VENDOR AND PURCHASER—MISTAKE—BONA FIDE PURCHASERS.

Grantees in deed who received more land than they had intended to buy from grantor who simultaneously and mistakenly conveyed a correspondingly lesser portion of his land to plaintiffs were not bona fide purchasers of the additional land, where the grantees and their son who acted as their agent, knew of the intentions of all of the parties with respect to amount of land conveyed.

4. REFORMATION OF INSTRUMENTS—MISTAKE OF COMMON GRANTOR—REIMBURSEMENT—EVIDENCE.

Defendants who purchased land from the same grantor who simultaneously sold to plaintiffs but mistakenly conveyed more to defendants than they had intended to purchase and a corresponding lesser amount to plaintiffs were not entitled, upon decreed reformation of the deeds, to reimbursement from plaintiffs for such additional land under evidence submitted in suit for reformation of deeds, where it was not shown that defendants had paid more for amount they received or that plaintiffs had paid less for amount they received than that intended to have been conveyed.

5. SAME—EVIDENCE—CURING ERROR.

Claimed error in admission of testimony in suit for reformation of deeds held, without merit, where defects in questions asked were cured by subsequent questions and answers and the substance of the answers was established by other proofs.

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 6, 1958. (Docket No. 43, Calendar No. 46,413.) Decided October 13, 1958.

Bill by John Kowatch, Loraine Kowatch and Walter S. Surine against Ray Darnell, Jr., Bessie A. Darnell, Ravmond F. Darnell, Gertie Darnell and Charles M. Ziegler, as State highway commissioner,

for reformation of deeds. Decree for plaintiffs. Defendants Darnell appeal. Affirmed.

*Fred C. Newman,* for defendants Darnell.

DETHMERS, C. J.   Plaintiffs Kowatch owned a parcel of property and plaintiff Surine owned one abutting it on the north.   Somewhat south was property leased by defendant Ray Darnell, Jr., and wife, Bessie.   The defendant State highway commissioner held title to a strip of land bordering on the west the properties of plaintiffs and extending south to include an area immediately west of the piece leased by the Darnells.   This strip was excess land, not needed for highway purposes, which the commissioner intended to sell.   Plaintiffs and the Darnells desired to purchase it together.   While there is dispute about it and objection to the admissibility of some of the testimony supporting the finding, we are in complete agreement with the trial court's opinion that the competent evidence establishes that the plaintiffs and defendants had reached an understanding, based on discussions between them and the commissioner's representatives, that the intention of them all was that the strip would be sold and conveyed in 3 parts, as follows: to Surine all of that portion of the strip contiguous to his property, to the Kowatches all of that portion adjacent on the west to their property, and to the Darnells that portion of the strip south of the Kowatches' south boundary line extended west.   These 3 would-be purchasers engaged the services of one attorney to handle the transaction for them and he did so.   After deeds had been executed by the commissioner and delivered to the attorney it was discovered that the descriptions therein did not conform to the intent of the parties as above set forth.   The attorney gave the deeds to Darnell, Jr., who had them recorded.

The deed to Darnells conveyed, in addition to that portion of the strip intended to be deeded to them, an additional 33 feet north of the Kowatches' south boundary line. The description in the Kowatches' deed included the remainder of the property west of theirs and a portion of the strip west of Surine's property. Surine's deed described only the northerly portion of the property intended to be conveyed to him. On the same day that the commissioner conveyed to Darnell, Jr., and wife, they, in turn, conveyed the property so deeded to them to his father and mother, the other defendants Darnell, who had furnished the money for the son's purchase in the first place.

Plaintiffs' bill prayed for reformation of the descriptions in the 3 deeds to make them conform to the above stated intent of the parties. From decree granting plaintiffs the relief prayed, the defendants Darnell appeal.

Defendants' contention seems to be that plaintiffs are not entitled to the relief prayed because the evidence fails to establish that any binding agreement ever was entered into between the plaintiffs and the Darnells. That is not a prerequisite. Each of the purchasers took with notice of what the others intended to buy and thought they were buying, which, in turn, coincided with what the seller intended to sell to each. When the commissioner conveyed to the Kowatches something other than he and the Kowatches intended that they should have, they could have maintained an action for reformation against him on the ground of mutual mistake. When the Darnells received a conveyance of the land which had been intended for the Kowatches, with full knowledge of the facts, they were in no better position to contest a suit for reformation than the commissioner would have been had he not conveyed to them. By the same token, after the commissioner conveyed to

the Darnells by a deed containing an erroneous description, he could have maintained an action for reformation against them to recapture title to the parcel which he had intended to sell and thought he had conveyed to the Kowatches. By his conveyance to them the Kowatches succeeded to such right. *Nisbett* v. *Milner,* 159 Mich 337.

The senior Darnells, for whom their son acted to all practical intents and purposes as agent in the transaction, knew of the intentions of all the parties, as well as did their son, and are no more in the position of bona fide purchasers than was he. *Kinyon* v. *Young,* 44 Mich 339.

The Darnells claim the right to reimbursement in the amount which they allegedly paid for land required by the decree to be conveyed by them to the Kowatches. The record does not show that the Darnells paid for more than the land which was intended to be conveyed to them or that the Kowatches paid for less than that which was intended to be theirs. Darnells' claim in this connection is without support in the evidence.

Assignments of error as to the admission of testimony are without merit. If the questions objected to were not proper in form, as being leading and calling for conclusions, such defect was cured by subsequent questions and answers, and the substance of the answers was established by other proofs.

Affirmed.

KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.

CARR, J., did not sit.