# STATE OF MICHIGAN

# COURT OF APPEALS

DEUTSCHE BANK NATIONAL TRUST
COMPANY and SELECT PORTFOLIO
SERVICING, INC.,

Plaintiffs-Appellees,

v

LARRY D. JONES and DELL M. JONES,

Defendants-Appellants,

and

MUNICIPAL & HEALTH SERVICES CREDIT
UNION, UNITED STATES OF AMERICA, and
AFFINITY GROUP CREDIT UNION,

Defendants.

UNPUBLISHED
March 3, 2015

No. 319231
Oakland Circuit Court
LC No. 2012-127933-CH

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Defendants-appellants, Larry and Dell Jones (hereafter "defendants"), appeal as of right the trial court's judgment of foreclosure with respect to real property in the city of Auburn Hills. Defendants challenge the trial court's earlier order granting plaintiffs' motion for summary disposition and request to reform the legal description of the real property in the mortgage instrument to remove the word "subdivision." We affirm.

In 2005, defendants obtained a loan from Acoustic Home Loans, L.L.C. (Acoustic), which was secured by a mortgage on their property that named Mortgage Electronic Registration Systems, Inc. (MERS), as the mortgagee. In 2012, MERS assigned the mortgage to plaintiff Deutsche Bank National Trust Company (Deutsche Bank). Deutsche Bank and its then-servicer,

Bank of America, N.A.,[1] thereafter brought this action for judicial foreclosure based on defendants' failure to make monthly payments as required by the promissory note, and for reformation of the mortgage instrument.

Plaintiffs moved for summary disposition under MCR 2.116(C)(9) (no valid defense) and (10) (no genuine issue of material fact) with respect to their claim for judicial foreclosure. Plaintiffs claimed that they were not required to produce the promissory note to seek foreclosure, but they nonetheless presented evidence that Deutsche Bank was the holder of the promissory note. Plaintiffs also sought to reform the mortgage instrument to remove the word "subdivision" from the legal description. Defendants requested summary disposition in their favor under MCR 2.116(I)(2). Defendants argued that Deutsche Bank was not entitled to reformation of the mortgage because neither Deutsche Bank nor its assignor, MERS, was a party to the "mortgage contract" for the loan. Defendants concluded that Deutsche Bank lacked standing to seek reformation and it could not foreclose on the property.

The trial court granted plaintiffs' motion for summary disposition and request for reformation of the mortgage, and thereafter entered the judgment of foreclosure. Defendants argue on appeal that the trial court erred in denying their countermotion for summary disposition, which was based on their claim that Deutsche Bank lacked standing to seek reformation of the mortgage instrument.

We review a trial court's decision on a motion for summary disposition de novo. *Manuel v Gill*, 481 Mich 637, 643; 753 NW2d 48 (2008). Whether a party has standing is a question of law that is also reviewed de novo. *Id.* at 642. A motion under MCR 2.116(C)(9) is based solely on the parties' pleadings. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 47; 457 NW2d 637 (1990). "When deciding a motion under MCR 2.116(C)(9) . . . the trial court must accept as true all well-pleaded allegations and properly grants summary disposition where a defendant fails to plead a valid defense to a claim." *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425; 648 NW2d 205 (2002).

Because the standing issue raised by defendants does not concern the sufficiency of their pleadings, we shall consider it under MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a party's claim and must be supported by substantively admissible evidence. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). A trial court may grant the motion "if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact" and the movant is entitled to judgment or partial judgment as a matter of law. *Id.* "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

---

[1] Deutsche Bank's servicer was later changed to Select Portfolio Servicing, Inc., which became the co-plaintiff in this action.

Reformation is an equitable remedy, which may be granted in a proper case to correct a mutual mistake of fact in a written instrument. *Emery v Clark*, 303 Mich 461, 471-474; 6 NW2d 746 (1942). "The general theory of reformation is that where there is clear evidence that both parties reached an agreement, but as the result of mutual mistake, or mistake on the one side and fraud on the other, the instrument does not express the true intent of the parties, equity will reform the instrument so as to express what was actually intended." *Ross v Damm*, 271 Mich 474, 480-481; 260 NW 750 (1935).

Defendants rely on two cases addressing reformation of insurance policies in support of their claim that Deutsche Bank lacked standing to seek reformation of the mortgage. In both cases, this Court indicated that a nonparty to an insurance policy could not seek reformation of the policy, but also indicated that there was no basis for such relief. See *Mate v Wolverine Mut Ins Co*, 233 Mich App 14, 24-25; 592 NW2d 379 (1998); ("[i]n addition, because plaintiff has not alleged fraud or mutual mistake in the insurance contract, the trial court properly denied plaintiff's request to reform the insurance contract"); *Harwood v Auto-Owners Ins Co*, 211 Mich App 249, 254; 535 NW2d 207 (1995) ("plaintiff does not argue that there was mutual mistake or that defendant committed fraudulent or inequitable conduct"). Neither case addresses a party's standing under *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010), in which our Supreme Court stated:

> We hold that Michigan standing jurisprudence should be restored to a limited, prudential doctrine that is consistent with Michigan's long-standing historical approach to standing. Under this approach, a litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.

See also *Trademark Props of Mich, LLC v Federal Nat'l Mortgage Ass'n*, ___ Mich App ___; ___ NW2d ___ (Docket No. 313296, issued November 18, 2014).

Plaintiffs sought reformation of a mortgage instrument that secures a promissory note for a loan made to defendants, but undisputedly contains an inaccurate legal description of defendants' property. As the named mortgagee in the mortgage instrument, MERS acquired ownership of the security lien on the property. *Residential Funding Co, LLC v Saurman*, 490 Mich 909; 805 NW2d 183 (2011). Because Deutsche Bank acquired the mortgage through an assignment by MERS, it possessed the same rights as MERS. *Burkhardt v Bailey*, 260 Mich App 636, 652-653; 680 NW2d 453 (2004).

Although the rights acquired by Deutsche Bank from MERS did not include the promissory note itself, the trial court determined that the submitted evidence showed that Deutsche Bank was also the holder of the promissory note under MCL 440.3205(2), which provides that "[w]hen endorsed in blank, an instrument becomes payable to bearer and may be

negotiated by transfer of possession alone until specially endorsed." Defendants do not contest the trial court's determination regarding Deutsche Bank's status as the holder of the promissory note.

Considering that Deutsche Bank acquired both the ownership of the mortgage and the beneficial interest thereof as the holder of the promissory note, Deutsche Bank had standing to seek reformation of the mortgage instrument. Indeed, defendants' own argument that the mistake in the mortgage instrument affects Deutsche Bank's entitlement to seek foreclosure illustrates that there is a substantial interest that could be detrimentally affected if Deutsche Bank is not allowed to request reformation. It was not necessary that Deutsche Bank obtain an assignment of Acoustic's contract rights in order to have standing to seek reformation of the mortgage instrument. Cf. *Kowatch v Darnell*, 354 Mich 197, 200-201; 92 NW2d 342 (1958) (a contractual arrangement was not a prerequisite for a party to seek reformation of a deed). Therefore, the trial court did not err in resolving the motion for summary disposition under MCR 2.116(C)(10) in favor of Deutsche Bank and its servicer, Select Portfolio Servicing, Inc., and in denying defendants' motion pursuant to MCR 2.116(I)(2).

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly

-4-